JAMES T. BASTEDO, ADMINISTRATOR AD PROSEQUEN-DUM OF MAY A. BASTEDO, DECEASED, PLAINTIFF-RESPONDENT, v. PIERRE L. FRAILEY AND ELMYRA FRAILEY, DEFENDANTS-APPELLANTS.

Argued May 18, 1932—Decided October 17, 1932.

For the defendants-appellants, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst,* of counsel).

For the plaintiff-respondent, *John F. McCarthy* (*Martin P. Devlin & Son,* of counsel).

The opinion of the court was delivered by

BODINE, J.   The present action resulted from a cross roads automobile accident in which the plaintiff's wife was killed. The plaintiff was driving the car in which his wife was riding at the time of the occurrence.   The plaintiff brought this suit as administrator *ad prosequendum* to recover for the pecuniary loss suffered by the decedent's next of kin, as well

as for the personal injuries and property damages suffered by him individually. He was the sole next of kin. The jury returned a verdict in favor of the defendant in the personal action and a verdict in favor of the plaintiff as administrator. The case comes before us on exceptions to the charge of the court below and on the refusal to charge the defendant's seventh request as follows: "If you should find that Mr. Bastedo was negligent and his negligence proximately contributed to the happening of this accident, then he cannot recover either individually or as administrator of his wife's estate."

Chief Justice Beasley in *Consolidated Traction Co.* v. *Hone, 59 N. J. L. 275*, examined the Death act and said: "It will be at once perceived that in this suit founded upon it, as in all others of the same class, but two questions are raised, and but two can be raised upon the record, viz., first, could the deceased, if he had survived, have maintained an action? and second, this being so, what pecuniary loss has fallen on his next of kin by reason of his death?" It would, therefore, seem that the learned trial judge properly refused the seventh request and quite properly charged the jury as follows: "If you find that the driver of the Frailey car was negligent and that that negligence was the proximate cause of this accident, then, as far as the plaintiff Mr. Bastedo, as administrator of his wife's estate is concerned, you would cease your deliberations and proceed to assess the damages, because even though Mr. Bastedo were negligent under the rules I will give you in a minute that negligence would not be imputable to his wife, and even though he were negligent, and the driver of the Frailey car was negligent, then under those circumstances he would be entitled to a verdict as administrator of the estate of his wife."

The philosophy underlying the rule laid down in *Consolidated Traction Co.* v. *Hone, supra,* is admirably expressed by Chief Justice Beasley: "But it is to be remembered that the legal doctrine that bars a party injured by the unintentional misconduct of another by reason of his having himself been, in a measure, the occasion of the resulting damage, is

rather an artificial rule of the law than a principle of justice, for its effect generally is to cast the entire loss ensuing from the joint fault upon one of the culpable parties, and oftentimes upon him who is but little to blame. Such a legal regulation has no claim to extension, and to apply it as is now insisted on would be to use it in a novel way. The question whether the deceased was negligent is within the issue formed by the pleading; while the question whether a third person who, in his individual capacity has no connection with the suit, was negligent has nothing whatever to do with such issue. In the legal practice of this state it is the established course to exclude everything that is not embraced in the issue as the parties have framed it and as it appears upon the record. On the trial of this case the inquiry whether the father of the deceased minor had, by his want of care, been instrumental in the production of the accident, was a matter utterly irrelevant to the subject then submitted to judicial inquiry."

When the case came to this court there was an equal division on the question of whether contributory negligence on the part of the sole next of kin would defeat an action under the Death act. *Consolidated Traction Co.* v. *Hone,* 60 *N. J. L.* 444. Nevertheless, the law so settled has been followed ever since. We are urged, however, that this rule of law of more than thirty-five years acceptance is contrary to the weight of authority and that we should, therefore, reverse the settled law of this state. We are not persuaded that the rule of our state is contrary to the view held in other comparable jurisdictions, but even if it were an established rule of law founded in sound reason cannot be changed by us, because, perhaps, not accepted in other jurisdictions.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.