Argued September 19; affirmed November 7; rehearing denied
December 3, 1940

ANDERSEN *v.* SOUTHERN PACIFIC CO.
(106 P. (2d) 1048)

*H. E. Slattery*, of Eugene (Slattery & Slattery, of Eugene, on the brief), for appellant.

*James C. Dezendorf*, of Portland (Alfred A. Hampson and R. R. Morris, both of Portland, on the brief), for respondent.

RAND, C. J. The plaintiff brought this action by her guardian to recover damages for personal injuries sustained in a collision between an automobile in which she was riding as a guest and one of defendant's railroad trains. The accident occurred at 9 o'clock in the evening of August 20, 1939, in the city of Eugene, where the railroad track crosses Jefferson street.

At the close of plaintiff's testimony in chief, the trial court sustained a motion for involuntary nonsuit, and plaintiff has appealed.

It is alleged in the complaint that the defendant was negligent in the operation of the train in that no headlight was burning on its locomotive and no warning was given of the approach of the train, either by the blowing of a whistle or by ringing the bell, or in any other manner. It is also alleged in the complaint that, under an ordinance of the city of Eugene, it is unlawful to operate a train within the corporate limits of that city at a rate of speed in excess of 15 miles per hour and that the train at the time of the accident was being operated at a much greater rate of speed than that permitted by the ordinance.

According to the testimony offered on behalf of the plaintiff, she and three other persons were riding in a Model-T Ford and, as they approached the track, they stopped 26 feet from the track and all looked and listened and none of them saw or heard the approach of the train; that they then started to cross the track; that, at the place where they stopped, there was a tree

on the side of the street which partially obstructed their vision, but that they could see down the track for a distance of 156 feet; that, after passing the tree and before reaching the track, the track in the direction from which the train was approaching was visible for a considerable distance, but that none of the occupants of the car either looked or listened.

Plaintiff's witnesses all testified that it took three seconds for the automobile to reach the track after starting from the place opposite the tree, in going the 26 feet. There was no evidence showing the position of the automobile and of the train at the time of the collision. Whether the automobile ran into the side of the train or whether it was crossing the track at the time of the collision, the evidence does not disclose, but it appears that the automobile was thrown for some distance and demolished, and that plaintiff thereby sustained the injuries complained of.

All plaintiff's witnesses testified that they did not see the train, or hear the ringing of the bell or the sound of the whistle, but no witness testified that the headlight on the train was not burning, or that the whistle was not blown or that the bell was not rung before and at the time the train crossed Jefferson street.

It appears from the bill of exceptions that the trial court in sustaining the motion for involuntary nonsuit, pointed out his reasons for sustaining the motion as follows:

"There are two propositions to be decided in this case. It appears from the undisputed evidence that the plaintiff was a guest and a young fellow by the name of Ellison was driving the car. There is evidence in the case that Ellison stopped his car twenty-six feet north of the railroad track and opposite this tree that is there that is shown in the photograph. He says that

he had an unobstructed, or partially obstructed view of the railroad track for a distance of one hundred and fifty-six feet. He says he looked through the branches of the tree or a hole in the tree and he saw no train coming. That he started up and as he approached the track looked to the west, then there was an accident. He says he never did look where the view was unobstructed, but the evidence shows that there was near the track an unobstructed view of the track.

"Now, his negligence would not be imputed to the plaintiff in the case unless the Court can affirmatively say that from the evidence the driver of the car, that his negligence was the sole and proximate cause of the accident. That is on that phase of the case.

"Then the next proposition, that there is no evidence whatever of negligence on behalf of the defendant company. This case is almost on all fours so far as Ellison is concerned with the case of Ross v. Hines, 95 Or. 580. Mr. Justice Burnett delivered the opinion of the court. (The Court reading the opinion cited.) In this case the train was on the track. There isn't any question about it, because there was a collision between the train and the car driven by Ellison. From those circumstances it is almost certain if he looked at a place where looking would have done him good, where he could have seen the train, that the accident would not have happened. That is in line with the case of Robinson v. O. W. R. & N. Company, wherein Mr. Justice Burnett says he must look where looking will do some good, where he can observe the train.

"So I hold not only that there is no evidence here to hold the railroad company, that under the undisputed facts in the case Ellison himself is guilty of negligence and that his negligence was the sole and proximate cause of the accident.

"There is no evidence here whatsoever as to the speed of that train. There is no evidence here, no one saw the train. It is true the witnesses say they didn't hear the ringing of the bell or blowing of the whistle but there is no testimony here that anyone saw the

train or that the bell was not ringing or the whistle was not blowing.

"So on both of those grounds the motion for nonsuit is well taken, and it is so ordered."

The entire testimony offered upon the trial is contained in the bill of exceptions. A careful reading thereof fully sustains what the court pointed out in sustaining the motion for an involuntary nonsuit. As pointed out by him, no one saw the train until the very instant when the collision took place and there was no testimony showing or tending to show the rate of speed at which the train was traveling. There was testimony to the effect that the occupants of the automobile at the time the same was stopped had a partial view of the track for a distance of 156 feet, but there is no testimony showing that, after taking this view, they immediately started to cross the track and the time which elapsed between the view and the collision is purely a matter of speculation. There was, as the court said, a clear and unobstructed view of the track after passing the tree and before reaching the track, and, had the parties looked, they could have seen the train.

■ The testimony also shows that each of the occupants of the automobile was a resident of Eugene, that they were familiar with the crossing and knew that the track was there and that trains frequently passed over it. It was held in *Smith v. Southern Pacific Company*, 58 Or. 22, 35, 113 P. 41, Ann. Cas. 1913A, 434, that:

"* * * if it appears from the testimony produced by the plaintiff that the person injured, being *sui juris*, failed to make use of his faculties of sight and hearing, when to do so would have enabled him to avoid the accident, there can be no recovery; and that the principle involved in this rule is equally applicable to the case of a traveler crossing a railway track, or a

trespasser, or a bare licensee or person lawfully employed on the track;  *  *  *".

In *Conn v. Oregon Electric Ry. Co.*, 137 Or. 75, 300 P. 342, a case in which the driver of an automobile drove his car over a railroad crossing without looking or listening and was suing to recover for the injuries he sustained, the court quoted with approval from *Davidson v. Seaboard Air Line Ry.*, 170 N. C. 281, 87 S. E. 35, as follows:

"The rule prevails very generally and is firmly established in our law that it is the duty of a traveler, whether on foot or in some vehicle, to look and listen before entering upon a railroad crossing, and that his failure to do so is negligence, which will bar a recovery if it is the proximate cause of an injury or death, but this duty is not always an absolute one, and may be qualified by attendant circumstances."

The duty of the traveler, under this rule, it was held was not always an absolute one but may be qualified by attendant circumstances as to require the issue as to his contributory negligence, by not taking proper measures for his safety, to be submitted to the jury.

In the Conn case, this court said that the rule to stop and listen had no application to cases where the crossing is not visible to the traveler and he is not aware of its existence. In this case, however, the driver of the automobile and all its occupants not only knew that the railroad track was there but the track was also visible and its existence was known to all of them.

■■ From these authorities, it is clear that the driver of the car was negligent and that his negligence was the proximate cause of the injury sustained by the plaintiff, under the doctrine announced in *Robison v. O.-W. R. & N. Co.*, 90 Or. 490, 176 P. 594, where it was held that, where the view of a railroad track from the

road was obstructed by a bluff, it was the duty of an automobile driver to look for a train before going on the track. Ordinarily, however, the negligence of a driver of an automobile is not to be imputed to a mere guest. *Robison v. O.-W. R. & N. Co.*, supra.

The trial court held, and we think the evidence sustained the view which the court took, that, in the absence of any evidence showing or tending to show negligence on the part of the defendant company, the only conclusion which could be derived therefrom was that the plaintiff sustained her injury solely and alone from the negligence of the driver of the car, who drove upon the track after he had passed the tree and when he had a clear view of the track without stopping to look or listen or to guard, in any way, against the approach of the train.

Moreover, there was a total failure of evidence as to the manner in which the collision occurred. Whether, as stated above, the driver drove into the side of the train or whether the automobile was hit while passing over the track is not disclosed by the evidence. It is clear from the testimony that the crossing was not dangerous, was an ordinary grade street crossing, and all the parties in the car had knowledge of the fact that it was a railroad crossing and that trains frequently passed thereover. Under these circumstances, we cannot, as a matter of law, say that the trial court erred in sustaining defendant's motion for an involuntary nonsuit.

The judgment appealed from is, therefore, affirmed.

BELT, BAILEY and KELLY, JJ., concur.