JACOB BLAUSTEIN, Plaintiff Below, Plaintiff in Error, v. STANDARD OIL COMPANY, a Corporation of the State of Indiana, Defendant Below, Defendant in Error.

JACOB BLAUSTEIN, HENRIETTA BLAUSTEIN, FANNY B. THAL-HEIMER and RUTH B. ROSENBERG, Executors of Louis Blaustein, Deceased, Plaintiffs Below, Plaintiffs in Error, v. STANDARD OIL COMPANY, a Corporation of the State of Indiana, Defendant Below, Defendant in Error.

AMERICAN TRADING AND PRODUCTION CORPORATION, a Corporation of the State of Maryland, Plaintiff Below, Plaintiff in Error, v. STANDARD OIL COMPANY, a Cor-

poration of the State of Indiana, Defendant Below, Defendant in Error.

(*February* 18, 1947.)

HARRINGTON, Ch., TERRY, CAREY and PEARSON, J. J., sitting.

*Clarence A. Southerland, Caleb S. Layton* and *Aaron Finger, Nathan L. Miller* (of New York, New York), and *Karl F. Steinmann* (of Baltimore, Maryland) for Plaintiffs Below, Plaintiffs in Error.

*Hugh M. Morris, Edwin D. Steel, Jr.,* and *S. Samuel Arsht,* and *Ralph S. Harris, John R. McCullough* and *Frederick W. P. Lorenzen* (of New York, New York) for Defendant Below, Defendant in Error.

Supreme Court of Delaware.

PEARSON, J., delivering the opinion of the court:

The matter before this court is the fixing of the form of order to be entered on a writ of error, a dispositive decision of which is set forth in our opinion previously filed. The question is procedural in nature and concerns the application to the situation involved in this case, of the provisions of the foreign corporation attachment statute, *Rev. Code of Del.*, 1935, § 4631, that "judgment shall be given for the plaintiff at the second term after the issuing of the writ" unless the defendant appears.

Plaintiff brought an action of covenant in the Superior Court for New Castle County against defendant, a foreign corporation, purportedly proceeding under the foreign attachment statute. Personal service on defendant was not effected, nor has it appeared generally, but certain of its property was attached. During the first term of the Superior Court after the issuing of the writ (May Term, 1945), defendant appeared specially for limited purposes. Under this special appearance, it moved to quash the attachment writ and dissolve the attachment. Plaintiff opposed, and during the second term (September Term, 1945) moved for a judgment for want of an appearance. A day before the end of that term, the Superior Court entered an order quashing the writ and dissolving the attachment, but staying the effect of the order to permit plaintiff to bring proceedings in error. (See *Blaustein v. Standard Oil Co.*, 4 *Terry* (43 *Del.*) 222, 45 *A.* 2d 527, 533). In the order, the court denied plaintiff's motion for judgment for want of an appearance. The day after the end of the second term, a writ of error to the Superior Court was issued on plaintiff's application. In October, 1946, we filed an opinion, *Del. Ch.*, 49 *A.* 2d 726, which embodies our conclusions that, contrary to the holding of the Superior Court, defendant's objections to the writ were invalid. The denial of plaintiff's motion for

judgment was included in the assignments of error. This assignment was not discussed in our opinion, since it was not argued until the question of the form of order arose after the opinion was filed.

Plaintiff has presented a form of order providing that the judgment of the Superior Court be reversed, and that a judgment be entered in that court, in favor of the plaintiff for want of an appearance by defendant; and directing that a copy of the order and of our earlier opinion be sent to the Superior Court so that such further proceedings may be had in that court in conformity with this order as may be necessary. Defendant does not object to this form of order insofar as it would reverse the judgment of the Superior Court that the writ be quashed and the attachment dissolved; but opposes plaintiff's form insofar as it would direct the entry of a judgment for plaintiff for want of an appearance, asserting as reasons "first, because this Court is without jurisdiction to determine whether the Superior Court is empowered to enter a default judgment after the second term, until after that question has been passed upon the first instance by the Superior Court itself; and second, if this Court should be of a contrary view, then this Court should hold that the Superior Court is without power to enter a default judgment after the expiration of the second term."

The pertinent language of the statute, *Rev. Code of Del.,* § 4631, is as follows:

"In any attachments to be issued under this section, judgment shall be given for the plaintiff at the second term after the issuing of the writ, unless the defendant shall have caused an appearance by attorney to be entered, in which case the like proceedings shall be had, as in suits commenced against a corporation by summons; * * *."

■ Both plaintiff and defendant are in accord that the statutory language "unless the defendant shall have caused an appearance by attorney to be entered" should be construed as referring to a general appearance. We think this construction proper and adopt it. Consequently, defendant's special appearance is not within the terms of the quoted condition.

Where a defendant does not appear after an attachment of its property, the practice in the Superior Court has been for the plaintiff to make a motion during the second term for a judgment for want of an appearance; and, where no objection to granting the motion appears, for the court to enter a judgment nisi, which becomes absolute at the end of the second term in the absence of an appearance by the defendant meanwhile. Compare: 2 *Woolley on Delaware Practice*, § 1295. Here, although plaintiff moved for a judgment during the second term, the Superior Court decided before the end of that term, upon defendant's motion under its special appearance, that the writ should be quashed and the attachment dissolved. Having so decided, the court quite naturally denied plaintiff's motion for judgment. Hence, plaintiff procured no judgment in his favor during the second term. But now, we have held that quashing the writ and dissolving the attachment were error, and the present dispute is whether our order may properly contain any direction to the Superior Court about the entry of a judgment, nisi or absolute, for want of an appearance, and if so, what should the direction be.

■ We shall first consider the jurisdiction of this Court to direct the entry of any judgment for plaintiff for want of an appearance. Under the *Constitution of Delaware,* Art. IV, Sec. 12, jurisdiction is conferred on this court "to issue writs of error to the Superior Court and to determine finally all matters in error in the judgments and pro-

ceedings in said Superior Court." This, it seems to us, fully empowers the Supreme Court to determine all matters in error in the proceedings below and to direct further proceedings which are appropriate as a consequence of such determination. Rule 46 of the Supreme Court is in harmony with this construction and provides:

"In all cases finally determined in this Court, a mandate or other process in the nature of a procedendo, shall be issued, on the order of this Court, * * * to the Court below for the purpose of informing such Court of the proceedings in this Court so that further proceedings may be had in such Court as may be directed in such mandate or process, * * *."

From our decision that it was error for the Superior Court to quash the writ and dissolve the attachment, it follows almost of necessity that it was error to deny plaintiff's motion for judgment. We do so decide, and we have no doubt of our jurisdiction to direct what proceedings are appropriate to be taken by the Superior Court as a consequence of our determination; specifically, what should the Superior Court do about plaintiff's motion which that court previously denied.

In this latter connection, let us examine defendant's contention that the Superior Court is without power to enter any judgment for want of an appearance after the expiration of the second term. Now, in order to compel further prosecution of the action, plaintiff must be able to procure the entry of a judgment for want of an appearance. The result of defendant's contention would be that although plaintiff has prevailed as to the legality of his position which defendant challenged in the Superior Court, and has taken all steps within his power, plaintiff would nevertheless have no way to prevent a complete failure of his action, and thus, the proceeding in error would avail him nothing.

Defendant's contention is derived solely from its construction of the statutory language "judgment shall be given for the plaintiff at the second term after the issuing of the writ, unless the defendant shall have caused an appearance by attorney to be entered." Given this language, with no other statutory provisions affecting the time for entering a default judgment, defendant concludes that the court has no power to enter such a judgment after the second term. We find no case so holding, although in *Morgan's Executors v. Ownbey,* 6 *Boyce* 379, 404, 100 *A.* 411, 422, cited by defendant, the court in banc expressed doubt concerning the power of the court to enter judgment after the second term (referring to a similar foreign attachment statute), as follows:

"The language of the statute requires that judgment shall be given at the second term if special bail is not entered. We do not decide that the court would not have the power to enter judgment after the second term, if for any reason the case had to be continued, but we do say that under the peremptory terms of the statute it is very doubtful, and such has been the general opinion of the bar for a long period of time."

In our view, defendant's construction fails to take into account that this statute, like other statutes, must necessarily be construed and its application determined with reference to rules of law, procedural and otherwise, which are not expressed in the statute. The statutory command to enter judgment is conditional not only in that it is subject to the expressed condition concerning a general appearance, but also, in that it is subject to unexpressed conditions arising out of the operation of applicable rules of law. To take an obvious illustration, scarcely anyone would dispute that if a plaintiff should voluntarily discontinue his action against a non-appearing defendant after

having moved for judgment during the second term, he would obtain no judgment in his favor at the end of the term, notwithstanding the command that "judgment shall be given" etc., and notwithstanding that the statute contains no express mention of this contingency. Similarly, the statute makes no provision concerning proceedings which may be taken in a case where a defendant appears specially with leave of court, but does provide expressly for proceedings where a defendant appears generally. And yet, in a proper case, a defendant may challenge the court's jurisdiction under a special appearance (as the defendant did here), and if he prevails, the statutory command need not be obeyed, although, again, the statute expresses nothing about this. Giving effect to a discontinuance or to a holding of lack of jurisdiction thus qualifies the peremptory command to enter judgment.

█ Under a special appearance, a defendant is permitted to raise jurisdictional objections without incurring possible disadvantages which might result from a general appearance. But whether he obtains the relief he seeks, depends upon whether he establishes the validity of his objections. It is cetainly not a purpose of a special appearance that it should serve as an arbitrary device to enable a defendant to defeat the action against him without regard to the soundness of the objections which it privileges him to interpose. Nor is this the purpose of recognizing the privilege of a special appearance in actions under this statute. We think recognition of the privilege compels a construction of the statute with reference to the purpose and incidents of the proper exercise of the privilege. One incident is that the exercise of the privilege may prevent the entry of a judgment for plaintiff until after the second term.

█ █ In construing the statute in the light of the

privilege as above indicated, there is no justification for qualifying its operation beyond the extent required to allow a full and proper exercise of the privilege. Thus, in situations like the present, the ordinary operation of the statute need be qualified only with respect to the time specification of when judgment shall be entered. A construction of the statute to this effect permits a substantial operation of a plaintiff's privilege to proceed under it, and likewise allows a defendant all benefits for which a special appearance is designed. Accordingly, we conclude that the specification of the second term as the time during which judgment shall be entered is inapplicable where, as here, the entry of a judgment is prevented solely by the operation of the procedure of a special appearance.

However, should a judgment to be entered by the Superior Court on plaintiff's motion be absolute, as he proposes? When the Superior Court acted on the motion, it should have entered a judgment nisi. It would not have been proper to enter a judgment absolute at that time. Although a judgment nisi, if entered, would have become absolute at the end of the second term, the fact remains that none was entered. We conceive of no substantial detriment to plaintiff if a judgment nisi be entered by the Superior Court after the mandate is received, such judgment to become absolute at the expiration of the term during which it is entered, unless defendant should appear. Rather, this course seems to us the most appropriate to preserve the substantial rights of both the plaintiff and the defendant arising out of the combined operation of the statute and the procedure of a special appearance in a case such as this. We shall, therefore, direct the Superior Court to enter a judgment nisi for plaintiff for want of an appearance.

Orders in accordance with this opinion will be entered in the three cases.