JOHN R. JONES v. THE PENNSYLVANIA RAILROAD COMPANY, a foreign corporation.

*(May 24, 1956.)*

CAREY, J., sitting.

*Everett F. Warrington* for plaintiff.

*James M. Tunnell, Jr.* (of Tunnell and Tunnell) for defendant.

Superior Court for Sussex County, No. 166, Civil Action, 1954.

CAREY, J.:

This is an action for damages on account of the death of plaintiff's wife, who was killed in a collision between defendant's train and a car driven by the plaintiff in which his wife was a passenger. The jury was told, over plaintiff's objection, that contributory negligence, if any, of the plaintiff himself would constitute a defense. The jury returned a verdict for the defendant, and plaintiff has moved for a new trial upon the ground that the Court erred in charging the jury as aforesaid.

The action is based upon Title 10, Section 3704(b) which reads as follows:

"(b) Whenever death is occasioned by unlawful violence or negligence, and no suit is brought by the party injured to recover damages during his or her life, the widow or widower of any such deceased person, or, if there is no widow or widower, the personal representatives, may maintain an action for and recover damages for the death and loss thus occasioned".

The question for decision is whether contributory negligence of a sole beneficiary under the quoted Death Act is a valid defense in his action against the other tort-feasor.

Preliminarily, it is to be observed that no reported Delaware decision has mentioned the proper measure of damages in a suit brought by a widower under the Death Act. In the case of a widow, however, it is plain, from the rule of damages laid down and from other statements of our Courts, that the right of action created by this statute is for her sole benefit. *Lynch v. Lynch*, 9 *W. W. Harr.* 1, 195 *A.* 799; *Cox v. Wilmington City Ry. Co.*, 4 *Penn.* 162, 53 *A.* 569, affirmed 7 *Penn.* 1, 76 *A.* 1117; *Perry v. Philadelphia, B. & W. R. Co.*, 1 *Boyce* 399, 77 *A.* 725; *Homiewicz v. Orlowski*, 4 *W. W. Harr.* 66, 143 *A.* 250. There is no reason to believe that the Legislature intended a different rule in the case of a widower's right of action. On the contrary, the history of the statute lends support to the belief that the proceeds of judgment are the exclusive property of the widower.

Our Death Act was first adopted in 1866. 13 *Laws of Delaware*, p. 28, c. 31. It was copied almost verbatim from the Pennsylvania act of 1851, 12 *P. S.* § 1601 *et seq. Homiewicz v. Orlowski,, supra.* However, the Pennsylvania law had been amended in 1855 to provide that the sum recovered should go to the husband, widow, children or parents of the deceased in the proportion they would take his or her personal estate in case of intestacy. *Huntingdon & Broad Top R. R. & Coal Co. v. Decker*, 84 *Pa.* 419. The failure of our Legislature to incorporate this amendment in our act of 1866 is significant, and indicates an intent not to make it part of our law.

I am not satisfied that the measure of damages as presented to the jury in this case was correct, but the verdict renders unnecessary any present discussion of that problem. Whatever may be the proper standard, I am convinced that those damages belong to the widower alone. We are, therefore, not here concerned with a situation in which there are several beneficiaries, one or more of whom was contributorily negligent.

The cases dealing with contributory negligence of a beneficiary as a defense are collected in 87 *A. L. R.* 589 and 2 *A. L. R.* 2d 785. By the weight of authority, under statutes designed to compensate survivors for the loss they have sustained as contrasted with other types of statutes, the contributory negligence of the sole beneficiary will bar his recovery. *Cf. Restatement of the Law of Torts*, Negligence 1279; 16 *Am. Jur.* 95; 25 *C. J. S.*, Death, § 46, p. 1141.

Plaintiff's argument is this: The negligence of plaintiff is not imputed to his wife; *Island Express v. Frederick*, 5 *W. W. Harr.* 569, 171 *A.* 181; and an action brought by her, had she lived, would not be barred by his negligence. His right of action is based upon the same cause of action his wife had, and comes to him charged with any infirmities existing against the deceased, such as her contributory negligence. *Lynch v. Lynch, supra.* Since his right of action is based upon the right she would have had, his right is subject only to those infirmities which would

have existed against her. This contention finds support in New York and New Jersey and possibly some other states. *McKay v. Syracuse R. T. Ry. Co.*, 208 *N. Y.* 359, 101 *N.E.* 885; *Bastedo v. Frailey*, 109 *N. J. L.* 390, 162 *A.* 621, 87 *A. L. R.* 587. In New York this principle has been carried to the extent of allowing a widower to sue when his own negligence was the sole cause of the death, his negligence being imputed to the defendant. *Rozewski v. Rozewski*, 181 *Misc.* 793, 46 *N. Y. S.* 2d 743.

Two reasons have been given for declining to apply the doctrine of contributory negligence in a case of this kind. One is that the doctrine is an artificial rule of law which should not be extended, since it frequently casts the entire loss upon one of the culpable parties; the other is that the statutes contain no language requiring its application and the Court has no power to add a condition not specified by the Legislature.

The first reason is not convincing. Regardless of how it came into being, the rule of contributory negligence is firmly established in this State. A case like the present one does not involve an extension of the doctrine, but simply furnishes another example of its application. By hypothesis, this plaintiff seeks to recover damages which were in part caused by his own fault. If those damages are considered as constituting full redress, he seeks to make the other tort-feasor bear the entire loss; if they constitute only partial redress, he would have us adopt by judicial decision what amounts to a rule of apportioning loss among joint tort-feasors, which we cannot do.

Full consideration of the second reason for the New York and New Jersey rule would involve a careful comparison of their statutes with our Death Act, which we need not undertake. There are some differences in language, which might or might not be significant. The difficulty with the reason is that it assumes that the Legislature, by saying nothing about a firmly settled principle of the law of negligence, intended to cast it aside in this type of case. It is more reasonable to draw the very opposite assumption. As was said in *Blaustein v. Standard*

*Oil Co.*, 4 *Terry* 516, 51 *A.* 2d 568, 571, the statute "must necessarily be construed and its application determined with reference to rules of law, procedural and otherwise, which are not expressed in the statute". Thus, nothing is expressly mentioned in the Act which would bar a widow's action even though her husband had signed a valid release before his death; yet such a defense has been upheld in this State. *Perry v. Philadelphia, B. & W. R. Co., supra.* Certainly nothing in our act expressly or by necessary implication *eliminates* contributory negligence of the plaintiff as a defense.

Inasmuch as the Delaware statute is so nearly like a portion of the Pennsylvania Act, the decisions of that state are of peculiar interest. As early as 1880, in *Smith v. Hestonville, M. & F. Ry. Co.*, 92 *Pa.* 450, the Pennsylvania Supreme Court held the contributory negligence of the mother of a deceased child to be a valid defense, she being the sole beneficiary. That decision was not based upon any theory of imputing the parent's negligence to the child, and directly supports defendant's position here. It still represents the law of Pennsylvania.

The majority rule is the more reasonable and will be accepted as the law of this State. My conclusion is that the challenged instruction was properly included in the charge. The motion for new trial will be denied.