Argued October 4, reversed October 17, 1956

# EDISON *v.* ANDERSON

302 P. 2d 561

*Ben Anderson* argued the cause for appellant. On the brief were Anderson, Franklin & Landye and James K. Navarra, all of Portland.

*Orval N. Thompson* argued the cause for respondent. On the brief were Weatherford & Thompson, of Albany.

Before WARNER, Chief Justice, and ROSSMAN, LUSK, BRAND, PERRY, and MCALLISTER, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff from a judgment, based upon a verdict, which the circuit court entered in favor of the defendant.

The action which culminated in the entry of the challenged judgment was instituted to recover damages for a personal injury which the complaint says the plaintiff sustained January 4, 1951, when an automobile in which she was riding collided with one operated by the defendant. The car in which the plaintiff was riding was driven by her husband and was owned by one James L. Tucker, who was also riding in it at the time of the mishap.

The plaintiff-appellant submits only one assignment of error. It charges that error was committed when the trial judge gave an instruction upon the subjects of joint adventure and imputed negligence. The instruction is too long to render convenient its quotation in full, but the following excerpts reveal its nature:

"If the plaintiff and her husband borrowed the car in which the plaintiff was riding, which was

owned by James L. Tucker, for purposes of their own in which each was interested, and it was for the purpose and enjoyment of each, this would amount to what in law is termed a joint venture; and if the plaintiff's husband was driving the car at the time of meeting defendant's car, and if it appeared by a preponderance of evidence that the driver of said car undertook to pass an automobile immediately ahead of it, under conditions which were in violation of * * *, then the negligence of her husband, the driver of the car, would be imputed to the plaintiff and she would be guilty of contributory negligence; * * *.

"If you find that plaintiff and her husband and the said James L. Tucker were engaged in a joint venture, under the instructions which I have given you, then the negligence of one would be imputed to the others; that is, it would be, it would make no difference who was driving the car, whether it was the plaintiff herself, her husband or the said Tucker, * * *.

"Negligence of one person, under certain circumstances, is imputed to another person, which means that a second person is bound by the negligence of the first person. * * * Likewise, where a joint venturer is negligent in the operation of a car his negligence is imputed to his fellow joint adventurers. That is what I mean when I say negligence is imputed to another; and, in this case, if the parties were joint venturers in the use of the car, it would make no difference which one was driving, the negligence of the driver in carrying out the purposes of the trip or undertaking of the joint venturer would be imputed to the other members of the joint venture; * * *.

"A joint venture not for profit may be entered into between two or more parties; and if the plaintiff in this case and her husband and the owner of the car, James L. Tucker, entered into an undertaking whereby the three of them together contemplated using the car for making a trip for the bene-

fit of the plaintiff and her husband, and the main purpose of which was to bring the property belonging to plaintiff and her husband from Lincoln County back to Coos Bay, then the parties, while so engaged, were in a joint venture; and if they were engaged in a joint venture, it made no difference who was driving the car of the three named, if the driver of the car was negligent in the operation thereof this negligence would be imputed to the plaintiff in the case.  *  *  *''

The plaintiff, her husband, and Mr. Tucker lived in the city of Coos Bay. The Edisons [plaintiff and her husband] owned no automobile, but Tucker had one. At Valley Junction, about 150 miles north of Coos Bay, Edison had some camping equipment which he wished to bring to Coos Bay. Tucker, upon discovering Edison's wishes, loaned him his car. So far as can be learned from the record, Tucker's act was one of friendship. When the trip was planned, Tucker decided to go along with Edison, evidently for the pleasure of the ride. The plaintiff, rather than be left alone at home, decided that she, too, would make the trip, especially in view of the fact that she had a sister at Nelscott with whom she could visit when the car passed through that place. February 3, 1951, the journey was undertaken. When Nelscott was reached, the plaintiff left the car and visited her sister. The two men continued to Valley Junction where they secured the equipment and when they returned to Nelscott the next day they and the plaintiff had dinner in the home of the plaintiff's sister, after which all three re-entered the car for the journey home. Sometime later the accident occurred. The record does not disclose whether the plaintiff or her husband paid for the gasoline consumed on the trip, nor does it indicate

whether or not other expenses were shared in any manner. If the plaintiff knew how to drive a car or was given any voice in the control of the one in which the three rode, the evidence does not reveal the fact.

■ Ordinarily, the negligence of the driver is not imputed to a mere guest. *Andersen v. Southern Pacific Co.,* 165 Or 368, 106 P2d 1048. It will be seen that the challenged instruction imputed the husband's negligence to his wife by deeming the two as joint venturers.

The parties, in debating the validity of the challenged instruction, dwell upon *Robison v. Oregon-Washington R. & N. Co.,* 90 Or 490, 176 P 594. That decision, which was announced in January of 1919, was concerned with a crossing accident which happened in the days when there were no parking problems and when cars did not travel upon the fine thoroughfares which have induced the motorists of this day to coin the term "superhighways," but had to contend with the ruts and other hazards of wagon roads—the latter term was used in the Robison decision. That opinion pioneered with the problem of applying the rules of joint adventure and imputed negligence, as developed in the horse and buggy days, to the more vexing questions which were arising out of the operation of motor vehicles. In performing that task, the court was confronted with such a dearth of decisional law arising out of the driving of motor cars that it was compelled to resort in part to cases which were based upon horse-drawn conveyances. The Robison decision forecast the fundamental principles which are today employed. Extensive experience with those rules in the succeeding years has enabled the courts to express them with more

clarity, precision and certainty. At the very outset, the decision declared:

> "Substantially the universal rule is that the negligence of the one operating a vehicle is not to be imputed to his companion who is only his guest."

Presently it pointed out the bases whereby, in occasional cases, the driver's negligence is imputed to his companion. It said:

> "* * * This would seem to furnish the ultimate distinguishing characteristic of joint venture in such cases, which is none other than the right, either express or implied, to direct the movement of the vehicle employed in the transportation connected with the venture."

It thought that a joint venture could be viewed as a partnership, and added that if the evidence indicates that "the terms of this so-called partnership provide that each party to it may control the vehicle or direct its movements," a finding of imputed negligence would be warranted.

Counsel in the case sub judice evidently failed to realize that since *Robison v. Oregon-Washington R. & N. Co.*, supra, was decided, this court had occasions to resolve other cases which were governed by the rules applicable to joint ventures and imputed negligence. At any rate, their briefs leave the recent decisions unmentioned.

*Holzhauser v. Portland Traction Co.*, 178 Or 607, 169 P2d 127, in referring to the operator of the automobile involved in that case as "her son," declared:

> "It can not be reasonably contended that Mrs. LaVigne had any right or authority to give orders to her son for the operation of the car. He was under no duty to obey any directions which she might attempt to give him with respect to the man-

ner in which the automobile should be used or operated. When she entered the automobile it was at the express or implied invitation of her son, whose guest she was during the trip, even though she had suggested or requested that it be made. There must be some right to a voice in the control, management or direction of the vehicle in order to impute to an occupant or passenger in a car the negligence of the driver."

After citing supporting authorities, the opinion quoted from a textbook the following:

"A driver who voluntarily undertakes to carry a passenger to a place where the latter has expressed a wish to go is not the servant, but is, instead, the host of such passenger, where the latter has no control over the operation of the vehicle, and consequently the driver's negligence is not imputable to the passenger on any theory of master and servant."

In *Bartholomew v. The Oregonian Publishing Co.*, 188 Or 407, 216 P2d 257, the plaintiff, a member of the Portland Police Bureau, was riding, at the time of the accident, in a city-owned police car which was being operated by another police officer, F. O. Hutchins. The defendant, driver of the car with which the police car collided, pleaded that (1) the officers were engaged in a joint enterprise, (2) Hutchins was negligent, and (3) Hutchins' alleged negligence was imputable to the plaintiff. In rejecting those contentions, the court accepted the following as the controlling principle of law:

"If two or more persons unite in the joint prosecution of a common purpose under such circumstances that each has authority, express or implied, to act for all in respect of the control of the means or agencies employed to execute such common purpose, the negligence of one in the management thereof will be imputed to the others."

The decision explained:

"* * * Negligence is imputed in such cases upon the theory that the participants are partners in the enterprise, or occupy a relationship akin to partnership. * * * There must be not only a community of interest in the objects and purposes of the undertaking, but also a right in each party to govern and control the movements and conduct of the others in respect thereto."

The decision rejected the contention that since both occupants of the police car had the same employer, a conclusion of joint control was warranted. It concluded:

"* * * there was a total lack of evidence, direct or circumstantial, of the existence of any common enterprise between plaintiff and the driver of the police car, of such sort that each had the right to direct or control the movement of the car. There was no joint venture or quasi-partnership relationship."

Prosser on Torts, 2d ed, expresses the same rule in a manner which stresses well the element of control. We quote from page 299:

"It is the general rule that a plaintiff will be barred from recovery by the negligence of a third person only if the relation between them is such that the plaintiff would be liable for such negligence as a defendant, for harm caused to others. With few exceptions, a plaintiff is not barred from recovery for harm to himself or his property caused by the negligence of a third person although the harm is caused in part by the contributing negligence of

"a. The drvier of the vehicle in which he is riding.
* * * * *"

Restatement of the Law, Torts, p 1273, § 491, employs substantially the same language as Prosser. It follows:

"Any one of several persons engaged in an enterprise is barred from recovery against a negli

gent defendant by the contributory negligence of any other of them if the enterprise is so far joint that each member of the group is responsible to third persons injured by the negligence of a fellow member.''

■ The negligence of a husband, if he is driving the car in which his wife is riding, is never imputed to his wife merely because the two are spouses. *Southern Railway Co. v. Priester*, 289 F 945; *Bartlett v. Mitchell*, 113 W Va 465, 168 SE 662; *Brubaker v. Iowa County*, 174 Wis 574, 183 NW 690. In the case last cited, husband and wife were moving to another city where the husband expected to teach and the wife to study.

■ It will be seen from the above authorities that, in order for a trip to constitute a joint enterprise, there must be, not only a community of interest in its purposes, but also a joint right of control over the vehicle. Other holdings, to like effect, are *W. W. Clyde & Co. v. Dyess*, 126 F2d 719; *Murphy v. Keating*, 204 Minn 269, 283 NW 389; *Bowley v. Duca*, 80 NH 548, 120 A 74. As we have said, community of interest does not suffice to impute negligence to the passenger. In *Parker v. Ullom*, 34 Colo 433, 271 P 187, the guest and the driver were on their way to a poker game when the accident happened. Since the guest had no right to participate in the control or operation of the car, the court held that the driver's negligence could not be imputed to him.

Accordingly, both community of interest and joint control are essential to a joint enterprise. If a defendant depends upon joint enterprise as the basis of imputing the driver's negligence to the passenger, community of interest and joint control must appear.

In *Gregory v. Jenkins* (Mo App), 43 SW2d 877, the

facts present many parallels to those before us. We quote from the decision as follows:

"It is urged that plaintiff and Raymond Stevens, the owner and driver of the car in which she was riding at the time of the collision which resulted in her injuries, were on a joint mission, and each was liable for the negligence of the other.

"The testimony at most may be viewed as tending to prove that plaintiff had requested Stevens, the owner of the car, to take her and some friends out to Creve Coeur Lake on a fishing trip, to which the said Stevens consented, that, after the party had finished their fishing at the lake, they visited relatives of the plaintiff living in the vicinity of the lake, and that on the trip back to the city from the relatives' home the collision occurred.

"* * * Under the record in the case, we hold that plaintiff and Stevens, the owner and driver of the car that she was riding in at the time she met with her injuries, were not on a joint enterprise so as to make the negligence of the driver imputable to plaintiff. Concededly she had no interest in the automobile, and, so far as the testimony shows, she had no control over it."

■■ The challenged instruction was in error. The facts upon which it was based did not establish a joint enterprise. The record wholly fails to indicate that the plaintiff had any voice in the control or management of the car. In any event, the challenged instruction was erroneous since it failed to mention the essential element of control. In construing and applying *Robison v. Oregon-Washington R. & N. Co.,* supra, one must consider our more recent holdings.

The judgment of the circuit court is reversed.