Argued October 26, reversed and remanded November 25, 1959

## DITTY, Adm'x *v.* FARLEY
### 347 P. 2d 47

*John C. O'Kief* argued the cause for appellant. On the briefs were Yturri & O'Kief and James A. Cox, Ontario.

*Martin P. Gallagher*, Ontario, argued the cause for respondent. With him on the brief was Harold A. Lewis, Ontario.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, REDDING and KING, Justices.

REDDING, J. (Pro Tempore)

This is a statutory action based on ORS 30.020 to recover damages for the death of Sakuyo Kawamoto, alleged to have been caused by the negligence of the defendant Joseph Richard Farley. The plaintiff, as personal representative of the decedent, has brought this action for the benefit of decedent's husband, who succumbed approximately one hour after decedent's death from injuries received in the same accident. The death of the decedent resulted from an automobile accident which occurred in Malheur County on June 29, 1956, involving a head-on collision between a car being driven by the defendant Farley and a car operated by decedent's husband, in which decedent was riding.

The jury returned a verdict in favor of the defendant, and judgment was entered thereon. Pursuant to plaintiff's motion, the court set aside the verdict and judgment and granted a new trial. The question before the court on this appeal involves the order of the circuit court setting aside the verdict of the jury and granting a new trial. The plaintiff's motion for a new trial was based upon seven grounds and in allowing said motion the trial court in its order found that six

of said grounds were well taken. As Mr. Justice BRAND points out in *Johnson v. Updegrave*, 186 Or 196, 206 P2d 91:

> "* * * if the order for a new trial ought to be supported on any of the grounds specified in the motion therefor, it will be sustained regardless of the reason which the court may have assigned as the basis for the order."

See also *Hillman v. North Wasco Co. PUD*, 213 Or 264, 323 P2d 664. It will, therefore, be necessary to examine each of the grounds specified in plaintiff's motion.

■ The court instructed the jury that should they find that the negligence of decedent's husband was the sole proximate cause of the collision, their verdict should be for the defendant. As one of the grounds of her motion for a new trial plaintiff asserts that the court should not have instructed upon this phase of the law, and in another ground asserts that the court's instruction thereon was unduly emphasized by unnecessary repetition. We find no merit in either of these contentions. As another ground of her motion for a new trial, plaintiff urges that the court erred in failing to answer a question addressed to the court by one of the jurors. The record in this connection reveals that at the conclusion of the court's instructions the following occurred:

> "JUROR DYER: Judge, can we ask a question about one of your rules there? It isn't clear to me.
> "THE COURT: Go ahead.
> "JUROR DYER: It was on this joint venture, as between man and wife. If one is negligent in driving, is the wife negligent? I mean it is a rule that I couldn't understand.
> "THE COURT: I think there were about three that were given on joint venture.

"JUROR DYER: I don't understand it.

"THE COURT: Shall I instruct again on that, Counsel?

"MR. GALLAGHER: Well, I don't know. Number 18 covered it, I think, Your Honor.

"THE COURT: Well, there was 17, 18 and 19.

"Of Course, Gentlemen of the jury, that emphasizes the very thing I am trying to say to you. That goes back to the thing I told you I didn't want to do. I want you to apply all of the instructions and not one instruction. Probably some other member of the jury can explain that instruction, and I don't believe I will re-instruct you on that question of joint venture.

"Let's go into Chambers, Counsel.

"(The following proceedings were thereupon had in Chambers, outside the presence and hearing of the jury:)

"THE COURT: What shall we do about this?

"MR. GALLAGHER: It seems to me you could read that one where you instructed them that by reason of the relationship between man and wife, that that is not sufficient in and of itself. Or you could say 'No,' because 'NO' is actually the answer to the juror's question.

"MR. O'KIEF: Answer that and we can all go home early.

"THE COURT: I think I will let them go out. I don't think there is much question about that instruction that I gave where the negligence of the husband is not imputed to the wife simply because the wife is a passenger in the car.

"MR. GALLAGHER: The instruction was clear. He apparently didn't hear it.

"THE COURT: In that last case—and I don't know whether it is in the Oregon Reports yet—Judge Rossman decided very definitely that there must be joint adventure and there must be joint control of the car before any negligence can be

imputed. I think that instruction pretty well covers that.

"MR. O'KIEF: I had an exception to one or two of those on joint adventure, and I am not anxious that they be repeated. There are 12 jurors. Maybe one of them is confused, but I think some of the others can perhaps help him out.

"THE COURT: Well, I am not going to re-instruct them. I am going to let them retire.

"(Court and Counsel thereupon returned to open court, the bailiff was sworn, and the jury retired * * *.)"

We think that the trial court was justified in not re-peating his instructions on joint venture under the circumstances, and further find that the plaintiff failed to take a proper exception to the court's failure to instruct the jury further in response to said question if, in fact, plaintiff at said time desired that the jury be further instructed upon said subject.

The remaining four grounds of plaintiff's motion, which the court found were well taken, all considered the issue of joint venture as the basis of imputing the negligence of decedent's husband to decedent, upon which theory the court instructed the jury.

It would appear from the record that the accident happened while decedent and her husband were driving to their place of employment in an automobile being operated by decedent's husband. The only evidence in the record in support of defendant's contention that the decedent and her husband at the time of the acci-dent were engaged in a joint venture came from plain-tiff's witness Pete Inahara, the employer and longtime friend of decedent and her husband. Inahara testified that the decedent had worked two days for him and was expected the morning of the accident; that the dece-

dent and her husband both worked for him, and each earned $1 per hour for manual labor; that decedent could not drive a car. Upon examination the witness Inahara testified as follows:

"Can you tell us something about Mrs. Kawamoto, as to whether she was a good worker and industrious and saving, and what you know about her during the years?

"A I would say she was a very good worker, both Mr. and Mrs. Prior to that year they have helped us along just about every year, every Spring. As far as saving and so forth, I think they were saving right along. They would have to, more or less, in order to farm part time, too.

"* * * * *

"Q And did you say they were preparing to farm the next year?

"A Yes, they were.

"Q What do you know about that?

"A Well, like all the rest of us, they had it pretty rough there in 1953 and 1954, and they were working out part of the time, you know, and they were trying to save enough money to start farming again in 1957."

■ As Mr. Justice ROSSMAN points out in *Edison v. Anderson*, 208 Or 470, 302 P2d 561:

"The negligence of a husband, if he is driving the car in which his wife is riding, is never imputed to his wife merely because the two are spouses."

The Supreme Court of Virginia well phrased the matter in *Painter v. Lingon*, 193 Va 840, 71 SE2d 355. Here a wife, who owned the car, accompanied her husband, who was driving, on a pleasure trip. In rejecting the assertion that the husband's negligence was imputable to the wife on an agency theory arising out of the asserted joint venture, the court held:

"Marriage vows of husband and wife create a great joint venture. What is beneficial to one spouse

is, or should be, beneficial to the other. What is detrimental to one is usually detrimental to the other."

To the same effect is the holding in *Brubaker v. Iowa County*, 174 Wis 574, 183 NW 690, 18 ALR 303:

"* * * As fellow travelers they were going from Oshkosh to Sioux City to pursue their several avocations. In one sense husbands and wives in their journey through life are always engaged in joint enterprises, sometimes successful, sometimes disastrous. But the mere fact that they travel in the same car, whether for pleasure or to change their abode, does not constitute a joint enterprise, within the meaning of the rule under discussion."

■ These holdings are equally applicable to the case before us. Community of interest alone is insufficient to establish a joint enterprise as a basis for imputing the negligence of a driver of an automobile to his passenger. Joint control, as well as a community of interest, must be shown. *Edison v. Anderson*, supra; *Parker v. Ullom*, 84 Colo 433, 271 P 187; *Murphy v. Keating*, 204 Minn 269, 283 NW 389; *Gregory v. Jenkins* (Mo App), 43 SW2d 877; *Bowley v. Duca*, 80 NH 548, 120 A 74; *Bartlett v. Mitchell*, 113 W Va 465, 168 SE 662; *Brubaker v. Iowa County*, supra; *W. W. Clyde & Co. v. Dyess*, 126 F2d 719; *Southern Railway Co. v. Priester*, 289 F 945.

■ The record fails to evince that the decedent and her husband were engaged in a joint venture from which it could be inferred that the decedent had any voice whatever in the operation of the car in which she was riding. It was clearly error for the trial judge to instruct upon imputed negligence.

The defendant takes the position that the facts of this case warranted the instructions given by the court on the imputed negligence doctrine. The defendant

urges, however, that if this contention is viewed with disfavor by this court and it is held that because of a lack of proof of joint venture the trial judge was in error in instructing on the imputed negligence doctrine that notwithstanding such error, the trial court was not justified in granting a new trial because thereof, for the reason that such error, if error it be, was not in any way prejudicial to the plaintiff. Defendant bases this contention upon the legal principle that one should not be permitted to profit by his own wrong, and urges that since Mitsutaro Kawamoto, the surviving spouse, is the sole beneficiary under our death statute, his contributory negligence should bar his right to recover herein.

■■ We must presume that the jury obeyed the instructions of the court, and in view of the instructions given by the court and the veridct returned by the jury, we must assume that the jury in returning a verdict for the defendant either found that the defendant was not negligent in any of the particulars alleged in plaintiff's complaint which proximately contributed to the accident and decedent's death, in which event the court's instructions on imputed negligence, though they should not have been given, were not prejudicial to plaintiff; or they found both Mitsutaro Kawamoto and defendant negligent in one or more of the particulars alleged, and further found that the negligence of each proximately contributed to and concurred in causing the accident and decedent's death. If the contributory negligence of a sole designated beneficiary under our statute would bar recovery, the instructions on imputed negligence which were improperly given were likewise harmless to plaintiff. It therefore becomes necessary to determine here whether in an action under our wrongful death statute to recover damages for the death of a person caused by the negligence of another

the contributory negligence of a designated beneficiary who will ultimately receive the sole benefit of the recovery is a bar to such action.

This action is based on ORS 30.020, which reads as follows:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the decedent, for the benefit of the surviving spouse and dependents and in case there is no surviving spouse or dependents, then for the benefit of the estate of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had he lived, against the wrongdoer for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and damages therein shall not exceed $20,000, which may include a recovery for all reasonable expenses paid or incurred for funeral, burial, doctor, hospital or nursing services for the deceased."

In referring to the above statute Mr. Justice LUSK, speaking for the court, in *Oviatt v. Camarra,* 210 Or 445, 311 P2d 746, said:

"As originally enacted, this section created a right of action for the benefit of the decedent's estate only. In 1939 it was amended so as to permit the action to be brought for the benefit of a surviving spouse or dependent. Oregon Laws 1939, ch 466. The provision of the second sentence authorizing a recovery for all reasonable expenses paid or incurred for funeral, burial, doctor, hospital or nursing services for the deceased was added in 1953. Oregon Laws 1953, ch 600.

"In Perham v. Portland General Electric Co., 33 Or 451, 467, 53 P 14, 53 P 24, 72 Am St Rep 730, 40 LRA 799 (1898), we held that this statute 'creates a new right of action in favor of the personal representative for the death itself, and not an action founded on survivorship, or on any cause of action

in favor of the deceased,' and that the damages recovered 'become assets of the estate, to be administered upon as other personal property of the deceased.' See, also, Hansen v. Hayes, 175 Or 358, 396, 154 P2d 202. * * *

"* * * * *

"* * * It should be observed that in Hansen v. Hayes, supra, 175 Or at 397, we held that the cause of action under the 1939 amendment is also a new right and is not based upon survivorship."

The rule established by the great weight of modern authority is that under statutes like ours which create a new right of action for the death itself in favor of the personal representative for the benefit of named beneficiaries, and such action is not founded on survivorship, recovery is barred if the sole designated beneficiary under the statute was himself guilty of negligence which proximately contributed to the death of the decedent. 2 ALR2d 785, et seq.; 27 Fordham Law Rev 295; 13-14 Washington and Lee Law Rev 248.

In *Jones v. Pennsylvania Railroad Company*, 50 Del 57, 123 A2d 111, 2 ALR2d 785, that court recently held:

"* * * By the weight of authority, under statutes designed to compensate survivors for the loss they have sustained as contrasted with other types of statutes, the contributory negligence of the sole beneficiary will bar his recovery. Cf. Restatement of the Law of Torts, Negligence 1279; 16 Am. Jur. 95; 25 C.J.S., Death, § 46, p. 1141."

The majority rule, as said rule is hereinabove stated to be, is the more reasonable rule and will be accepted as the law of this state. Inasmuch as the contributory negligence of the surviving spouse was available as a defense, we are of the opinion there was no resulting harm to plaintiff in the court's instructing on

the imputed negligence doctrine. In such conclusion we do not mean to depart in any respect from the holding of this court in *Oviatt v. Camarra,* supra, in which the court expressly reserved for future determination the question of contributory negligence of a beneficiary in actions brought for the benefit of a surviving spouse, or dependents, under ORS 30.020.

The order setting aside the judgment must be reversed and the case remanded to the circuit court with directions to reinstate the judgment on the verdict. It is so ordered.

SLOAN, J., dissenting.

It is necessary for me to dissent. I cannot reconcile my thinking to the harsh rule adopted by the majority. Although it would be possible to expound on the subject at some length, it would avail no one any benefit. A statement by the court in *Bastedo, Admr., v. Frailey,* 109 NJL 390, 162 A 621, 87 ALR 587, 589, adequately expresses a basic reason for rejecting the rule adopted by the majority:

> "The philosophy underlying the rule laid down in Consolidated Traction Co. v. Hone, supra [59 NJL 275, 35 A 899, 900] is admirably expressed by Chief Justice Beasley: 'But it is to be remembered that the legal doctrine that bars a party injured by the unintentional misconduct of another by reason of his having himself been, in a measure, the occasion of the resulting damage, is rather an artificial rule of the law than a principle of justice, for its effect generally is to cast the entire loss ensuing from the joint fault upon one of the culpable parties, and oftentimes upon him who is but little to blame. Such a legal regulation has no claim to extension, and to apply it as is now insisted on would be to use it in a novel way.' * * *"

Other sound reasons exist. The statute, ORS 30.020, gives a cause of action to the personal representative

of a deceased person for wrongful death if, and only if, "the decedent might have maintained an action had he lived, . . ." It should follow that the personal representative should be subject only to the defenses that would have been available against the deceased.

The next step we will be called upon to decide is when and by what formula non-negligent beneficiaries are to participate in a recovery when one beneficiary is barred by the rule. This court has already stated that such an apportionment is beset with "practical difficulties." *Oviatt v. Camarra*, 210 Or 445, 454, 311 P2d 746. It would seem that once we attempt to legislate in this fashion there are other uncertainties to be encountered. I would not take the first step.

If the wrongful death statute did not limit the amount of recovery I might think otherwise. However, it is unrealistic to say that any member of a family profits from the maximum award allowed. The amount permitted to be recovered for wrongful death, in most cases, is only nominal.

For these, and other, reasons, I dissent.