Argued January 8, affirmed April 15, 1976

CONNER, *Appellant,*
*v.*
MERTZ et al, *Respondents.*

548 P2d 975

*William B. Wyllie,* Salem, argued the cause and filed a brief for appellant.

*William E. Flinn,* of Flinn, Lake & Brown, Eugene, argued the cause and filed a brief for respondent Campau.

McALLISTER, J.

## McALLISTER, J.

On August 1, 1972, on a county road near Scio, defendant Gladys L. Campau was driving her automobile in the direction of certain fields owned by defendant Robert A. Mertz, which he was burning at the time. The wind shifted and the smoke began to blow across the roadway. Campau drove into the smoke cloud and then stopped her vehicle upon the main traveled portion of the road. She did not pull off onto the shoulder nor did she turn on her lights.

The plaintiff Ira Conner was a passenger in an automobile owned and driven by his son, Donald Conner. This vehicle was closely following the Campau vehicle at the time the latter entered the smoke cloud. There was evidence that the Conner vehicle was traveling at an excessive rate of speed. The plaintiff testified that Campau's automobile was not visible again until it was only eight to ten feet in front of the Conner automobile. The Conner automobile hit the parked Campau vehicle from the rear. The plaintiff alleged that injuries were sustained by him as a result of the concurrent negligence of both defendants and brought this action for damages.

The plaintiff settled with defendant Mertz prior to trial and gave him a covenant not to execute judgment, which became part of the record at trial.

The verdict forms submitted to the jury instructed the jury to find for or against defendant Campau only.

The jury returned a verdict in favor of the defendant and the plaintiff appeals.

On appeal, the plaintiff contends that the following instruction to the jury imputed plaintiff's son's contributory negligence to the plaintiff when such negligence was not in issue and was therefore prejudicial error requiring reversal.

"Now, Defendant Campau, does not claim that the plaintiff, Ira Conner, was negligent, he was only a pas-

senger and he is not responsible for the negligence, if any, of the driver of the automobile in which he was travelling. The driver was Donald Conner, his son. But, if you find that Donald Conner's driving was the sole cause of the collision then, the plaintiff can't recover. If you find that Robert Mertz was the sole cause of the collision, the plaintiff can't recover. If you find that the combined negligence, if any, of Donald Conner and Robert Mertz was the sole cause of the collision then, the plaintiff can't recover. But, if you find that the defendant, Campau, was negligent in either of the particulars charged and that such negligence, if any, was the approximate (sic) or concurring cause of plaintiff's injury, if any, then the plaintiff may recover from Defendant Campau even if some other person or persons was also negligent even to a greater degree."

The jury instruction clearly did not direct that the negligence, if any, of plaintiff's son be imputed to plaintiff. It was instead directed to causation and correctly allowed recovery against the defendant Campau only if the jury found that her negligence to some degree proximately caused the accident. As such, it was a correct statement of the law and a proper instruction.

■ It is well settled that the negligence of the driver of an automobile will not be imputed to a guest, but if the driver's negligence is the sole cause of the accident, then the guest cannot recover against the driver of the other vehicle. *Anderson v. Southern Pacific Co.,* 165 Or 368, 374, 106 P2d 1048 (1940); *Dean v. Poole,* 235 Or 606, 615, 386 P2d 453 (1963).

In reviewing a similar case in *Brindle v. McCormick Lbr. & Mfg. Co.,* 206 Or 333, 339, 293 P2d 221 (1956), this court said:

"* * * We think that the evidence raises an issue of fact as to whether the driver of the car in which the plaintiff was riding was negligent in the particulars stated, especially as there was dispute in the testimony as to whether the defendants' motor vehicle had anything to do with the accident and plaintiff's injury. * * * [T]he instruction does not deal with contributory negli-

gence, but the negligence of plaintiff's husband. If that was the sole proximate cause of the accident, then the defendants were not negligent as alleged. * * * [U]nder a general denial the negligence of a third party, for which the defendant is not responsible, may be shown to have been the proximate cause of an accident. *Whisnant v. Holland,* 206 Or 392, 292 P2d 1087."

*See, also, Elston v. Wagner et al,* 216 Or 386, 390-391, 337 P2d 326 (1959).

■ In this case the plaintiff had requested the following jury instruction and assigns as error the trial court's failure to so instruct:

"Plaintiff is not responsible for the negligence, if any, of the driver of the automobile in which he was riding. Therefore, even if such driver was negligent in some manner which contributed to the proximate cause of the damage to plaintiff, this would not prevent plaintiff's right to recover."

The instruction given by the court did not contradict the requested instruction; it was instead a more specific form in which the jury was more completely instructed on causation.

Plaintiff contends the jury might have been confused by the instruction given and imputed negligence to the plaintiff. The instruction is clear on that point, and the jury was specifically instructed not to impute plaintiff's son's negligence to plaintiff. The court did not err in giving the instruction objected to nor in failing to give the instruction requested.

■■ Plaintiff's second assignment of error was that the trial court did not submit verdict forms to the jury which listed both defendants' names.

Prior to trial the plaintiff and defendant Mertz had settled their dispute, and Mertz received a covenant not to execute from the plaintiff. Mertz did not appear as a party at the trial, and the jury was instructed not to consider the fact that there had been a settlement. The plaintiff had agreed to the trial court's suggestion that any amount of damages the jury returned against

the defendant should be reduced by the amount of the settlement with Mertz. At that time the plaintiff did not object when the trial court indicated its intention to submit the case to the jury on the sole basis of defendant Campau's negligence.

ORS 17.505 provides:

"* * * No exception shall be regarded on a motion for a new trial, or on an appeal, unless the exception is material and affects the substantial rights of the parties."

The plaintiff presents no persuasive argument that the deletion of Mertz's name from the verdict form was material or that it affected the substantial rights of the parties. Plaintiff cites no cases which support his contention that the trial court erred.

*Southern Pacific Co. v. Raish,* 205 F2d 389, 393 (9th Cir 1953), is cited by the plaintiff for the proposition that concurrent negligence gives rise to both joint and several liability. There is no quarrel with that point, and the trial judge specifically instructed the jury as follows:

"* * * And when the negligence of two or more persons incurs (sic) and proximately causes damage to another each such person is liable for the entire damage regardless of the relative degree to which he or she has contributed to it. * * *

"* * * the plaintiff may recover from Defendant Campau even if some other person or persons was also negligent even to a greater degree."

In light of the above jury instructions, there is no merit to plaintiff's contention that leaving Mertz's name off of the jury verdict form somehow affected the jury verdict against defendant Campau.

The judgment of the trial court is affirmed.