Argued at Pendleton October 26, affirmed December 7, 1926.

# ANNA BLOOMQUIST, ADMX., *v.* CITY OF LA GRANDE.

(251 Pac. 252.)

**Negligence—In Death Action by Administratrix of Infant, Parents' Negligence Held Immaterial, not Being Imputed to Child (Or. L., § 380).**

1. In action for death of infant, brought under Section 380, Or. L., by mother suing as administratrix, negligence of infant's parents will not affect his rights, or those of plaintiff, since action is not for benefit of parents, but for decedent's estate, and plaintiff's interest in action was as administratrix only, and not as parent.

**Municipal Corporations—Evidence Held to Show Child Drowned in Irrigation Ditch was on Street.**

2. Evidence *held* to show that deceased infant was not trespasser at time he fell into irrigation ditch and was drowned, but that he was on city street where he had right to be.

**Pleading—City, Defending Death Action on Ground That Tax Levy was Insufficient to Allow Repair of Street, must Allege Facts and not Merely Allege Insufficiency.**

3. City, defending death action on ground that tax levy was insufficient to allow repair of street, must allege facts from which court can draw conclusion that such levy was inadequate; mere allegation that it was insufficient being conclusion of law which presented no issuable matter.

**Municipal Corporations—City, Lacking Funds for Repairs, must Close Street to Travel.**

4. Where city's tax levy was insufficient to allow repair of street, it had duty to close such street to travel.

**Municipal Corporations—Liability for Death of Child Falling from Defective Sidewalk into Irrigation Ditch Held not Dependent on Attractive Nuisance Doctrine.**

5. Liability for death of infant who fell from defective city sidewalk into irrigation ditch and was drowned was not dependent on attractive nuisance doctrine, since he was not trespasser.

---

1. Parent's contributory negligence as bar to an action by parent or administrator for death of child, see note in 23 A. L. R. 670. See, also, 8 R. C. L. 784.

4. See 13 R. C. L. 361.

Trial—Instruction That City was not Liable for Obstructions in Untraveled Part of Highway Held Improper, Where Plaintiff's Intestate Fell from Defective Sidewalk.

6. Instruction that city was not liable for obstructions in portions of highway not part of traveled path *held* improper, in action for death of infant who fell into irrigation ditch from defective sidewalk.

Death, 17 **C. J.**, p. 1242, n. 51 New.
Municipal Corporations, 28 **Cyc.**, p. 1343, n. 40.

From Union: J. W. KNOWLES, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. Colon R. Eberhard,* with an oral argument by *Mr. Geo. T. Cochran.*

For respondent there was a brief over the name of *Messrs. Green & Hess,* with oral arguments by *Mr. R. J. Green* and *Mr. Eugene Ashwill.*

BURNETT, J.—This is an action brought by the administratrix of the estate of Leroy Bloomquist, deceased, a child a little less than four years of age at the time of his death. The defendant, as the name indicates, is a municipal corporation working under an initiative charter. The plaintiff avers, in substance, that the City has power to control, improve and repair the streets within its boundaries and to abate and remove any nuisance therein. According to the complaint, North Second Street is improved its full length and where it crosses Division Street there is an irrigation ditch running along the latter street close to the southern boundary thereof, crossing Second Street by means of a concrete flume which conducts the water under the surface of the street, allow-

ing it to rise again on the east side and continue on down Division Street. The cross-section of this flume is described in the testimony as being forty-two inches in width and twenty-one inches in depth. At its intake, or western end, there are two wings of concrete, flaring upstream somewhat like a funnel so that the water is concentrated into this narrow space, making it run quite swiftly through the conduit. It is said that there was a sidewalk along the west side of Second Street which had been allowed to get out of repair where it crossed the waterway so that people habitually traveled on the full width of the street up to the intake of the flume and that, although defendant had knowledge of the condition there for ample time within which to have repaired it, the walk had been allowed to remain in that condition without any guard-rail or screen, or other means, to protect anyone from falling into the water at that point. It is charged that on August 1, 1923, the minor decedent, at that time between three and four years of age, while lawfully traveling upon said Second Street came near to the west end of the flume, fell into the water there and was drowned to the damage of the plaintiff administratrix in the sum of $7,500.

The answer admits the representative character of the plaintiff, the incorporation of the defendant, the death of the decedent, and denies the rest of the complaint except as stated further in the answer. For a first defense it is charged, in substance, that the parents of the decedent allowed him to ·run at large in the City, knowing that the ditch was open, carried water and was dangerous to children of that age; that the defendant and its officers had no knowledge or notice that the decedent did anything of that kind or ever went near the ditch; that Division Street

was not an improved street but in its natural condition and that the parents were negligent in allowing the plaintiff's intestate to go alone without anyone to protect him, and to wander away from home; that the flume crossing North Second Street was at least three blocks from the decedent's home and that he was not injured at that place or by reason of any work or defect in any work done or performed by the defendant, and that he was not injured at any place upon any public street or at any place where any work, building or construction was done by the City. It is charged that the decedent died leaving no lineal descendants whatever and that his parents are the sole heirs and distributees of his estate.

A second further and separate answer is in these words:

"That plaintiff's intestate, at the time of the injury complained of, had no right or lawful authority to go upon the land or be at the place where said alleged injury occurred, and that said alleged injury occurred, if at all, upon lands not belonging to the said city, or upon streets which the city has not accepted or adopted as a highway or attempted to control, improve or repair, and plaintiff's intestate would not have been injured if he had not committed said trespass."

A third further and separate answer is here set down:

"That for many years last past, the tax levy of the City of La Grande has been inadequate to operate the city of La Grande and improve Division Street therein. That the constitutional limitation of a 6% advance each year does not give the said city sufficient money from the taxes with which to improve said street. That the value of the property adjoining said Division Street is not sufficient to permit or allow the City of La Grande to levy assessments

therein, by the formation of an improvement district for local improvements, and the assessment of local improvements therefor. : That the charter and laws prevent the assessment of said lots for more than the valuation placed upon said lots by the County Assessor of Union County, Oregon, and that assessments in an improvement district for local assessments equal only to the value of the assessed valuation of said lots would not give sufficient money to improve said street.''

All the new matter in the answer was denied. There was a trial by jury, ending in a verdict and judgment for the plaintiff, from which the defendant appealed.

1. The action is brought under Section 380, Or. L., reading thus:

''When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action at law therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and damages therein shall not exceed $7500, and the amount recovered, if any, shall be administered as other personal property of the deceased person.''

The interest of the administratrix, although the individual occupying that representative position is the decedent's mother, is precisely the same as if she had not been related in any way to the decedent. As parent, she is not at all concerned as a litigant in this action. She occupies the position as successor in interest to the decedent. The obstacles which he would have encountered had he lived are not different from those to be overcome by his personal representative in the instant action.

The first further and separate answer is negligible because it does not show that on the occasion of the drowning of the decedent the negligence, if any, of the parents, or either of them, contributed to that result. They may have been negligent or not on other occasions, but it is not sufficient to charge it in general terms without showing that, in the accident involved, such carelessness contributed immediately to the injury. This, on the theory, which by the way is not well founded, that the negligence of the parents is imputed to the infant decedent. The great weight of authority is to the effect that under a statute like the one here involved, the negligence of an infant's parents is not to be imputed to or to affect the rights of the infant or his personal representative.

The precedents cited by the city in the instant case in support of their contention that, where the parents are the sole beneficiaries of the child's estate, their negligence will prevent a recovery are instances where the action is brought for the direct benefit of the parents and the proceeds of the judgment do not go into the estate but go directly to the parents as their individual property. An example of this kind of statute is found in Section 6788, Or. L., as amended by the act of February 8, 1921, page 38, General Laws of 1921, where, under the employer's liability statute, a cause of action is given to the surviving widow or husband and children and adopted children of the person so killed, or, if none, to his or her lineal heirs or, if none, the mother or father, as the case may be,

"provided, that if none of the persons entitled to maintain such action reside within the state of Oregon, then the executor or administrator of such deceased person shall have the right to maintain such action for their respective benefits and in the order above named."

There the proceeds of the action, if the beneficiaries are not residents within the State of Oregon, go directly to such person and not to the estate of the decedent. But that is not this case. Here the action is brought by the representative of the decedent in his individual capacity, and neither the decedent himself nor his personal representative is affected by the negligence of anyone not a party to the action. The Circuit Court was right in instructing the jury to the effect that what was said about the parents and their conduct with reference to the custody of the child is not a defense to the action. There is no pretense in the complaint of any contributory negligence of the decedent child.

2. The second further and separate defense raises a question of fact which has been determined by the jury against the defendant and may be dismissed with the comment that there was ample testimony justifying the verdict on that ground. The little boy was last seen alive standing at the intake of the flume gazing down into the water. His body was found some hours later seventy-five or a hundred yards down the stream, all within the boundaries of Division Street. On the motion for nonsuit, it was contended by the defendant that there was no testimony to show that he fell into the ditch at the intake of the flume and that finding his body some distance below where it is alleged the accident took place is a complete refutation of the plaintiff's theory on that subject. There is ample testimony that when he was missed a search was begun and some men took a lantern and a garden rake and thoroughly raked the bottom of the ditch from the flume eastward, far beyond the point where his body was afterward found. They then went above the flume and continued the same

process of search for several blocks above the flume. They returned to the east end of the flume, took out a lot of rubbish, such as boxes and crates that had lodged there and which would prevent the body from going through toward the east. During this clearing of the mouth of the flume, they watched closely and saw nothing of the body but after having turned the water out of the flume, they continued their search east of Division Street and found the body as stated. This is clearly competent evidence upon which the jury could have found and did find that the accident occurred by his getting into the water above the flume.

3. The defendant contends that it was entitled to show, defending against the charge of negligence, that the tax levy of the city was not sufficient to enable it to carry on all the improvements necessary to the public safety. However, in order to defend against the charge of negligence on that ground, it would, in any event, be necessary to allege facts from which the court for itself could draw the conclusion that the tax levy was inadequate for the purpose named and that the constitutional limitation of a 6 per cent advance each year does not give the city sufficient money with which to improve the street. The averments of the third further and separate answer, embodying this defense, are insufficient for that purpose. They state merely conclusions of law and present no issuable matter.

4. Besides, as stated in *Fairfax* v. *Giraud*, 35 Okl. 659 (131 Pac. 159):

" * * if for any reason the dangerous place in the highway could not have been made safe in this manner, (referring to temporary repairs), it was the duty of the town to have closed the same to travel and not to have allowed it to remain open as a pitfall for people who at least were tacitly invited to use it."

The same opinion quotes from *Carney* v. *Village of Marselles,* 136 Ill. 401 (26 N. E. 491, 29 Am. St. Rep. 328), as follows:

"If for any reason, as that the cost of repair will be more than the funds at its disposal which it might, by the exercise of its corporate powers, command, the repair is impossible, the street or bridge, if known to be unsafe, should not be left open and held out to the public as safe for its use, but should be closed, and the public warned, by notice, of the danger of passage over the same."

In brief, the rule on this subject seems to be that if the city cannot command the funds for the present remedy of defects in its streets it must at least temporarily go out of the street business and close its doors, so to speak. It cannot rightfully continue in business as a bankrupt to the hurt of the people who are invited to travel on its public ways and, at the same time, evade responsibility for the harmful results of its neglect.

5. The doctrine of attractive nuisance is not applicable to this case for it depends in part on the theory that a child trespassing on premises where something attracts it is excused as to its trespass by the fact that the defendant has, so to speak, enticed it into the danger from which it suffered. Here, however, is a public street which the general public, including the child, has a right to travel upon. It was in no sense a trespasser there. The duty of the city is to all people who have a right to be there and the measure of duty must be enforced with reference to the people legitimately affected by that duty or by its neglect: *Fisher* v. *Burrell,* 116 Or. 317 (241 Pac. 40), was a case in which the child was injured by an explosive which he had picked up on the premises of the

defendant and it was aptly said by Mr. Justice BEAN that:

"One keeping or storing explosives in a place to which children may have access will, since such articles are naturally attractive to children, be held to a corresponding degree to protect them from injury, and a failure to exercise such care will impose liability. Where the place of storage or use is readily accessible to the children, corresponding care must be exercised, although they may not have been in the habit of frequenting the place, nor need liability rest upon the doctrine of attractive nuisance."

The principle thus enunciated is applicable to the instant case. The basic element of the attractive nuisance doctrine, that of trespass, is not present here.

6. Complaint is made about failure to charge the jury, in substance, that the city was not liable for obstructions in portions of the highway not a part of the traveled path, but there is no state of the testimony or the pleadings that would call for such an instruction. The testimony is undisputed that, owing to the defect in the board sidewalk at that point, pedestrians used the whole of the street clear to the upper end of the flume as a means of passage and that the west line of Second Street ran within six inches of that point, which itself is in the limits of Division Street. Other errors are assigned but we deem them not important.

The record is free from material error and the judgment is affirmed.                                  AFFIRMED.

RAND, J., did not participate in this opinion.