Argued April 18, reversed and remanded May 29, 1957

# OVIATT *v.* CAMARRA

311 P. 2d 746

*Ben T. Gray* argued the cause for appellant. On the brief were Granet & Gray, Portland.

*James Arthur Powers,* Portland, argued the cause for respondent. With him on the brief was Earle P. Skow, Portland.

Before Perry, Chief Justice, and Lusk, Warner and Kester, Justices.

**LUSK, J.**

This is a statutory action to recover damages for the death of a four-year-old child, Elaine Oviatt, alleged to have been caused by the negligent operation of an automobile by the defendant. The plaintiff is Elaine's mother, and she sues as administratrix of her deceased child's estate. Mrs. Oviatt and her husband are the sole heirs at law of the decedent, and recovery is sought for the benefit of the estate. ORS 30.020. A jury returned a verdict for the defendant, and from the consequent judgment the plaintiff has appealed.

Defendant's answer alleges that the child's mother was guilty of contributory negligence "in allowing said Elaine Oviatt to be on a busy thoroughfare and highway at a time and under conditions which she knew, or, in the exercise of reasonable care, should have known, were extremely hazardous." The accident occurred at about 7:40 p. m. on November 13, 1953, in Portland as the child was running across a street known as St. Helens Road. The evidence would have supported a finding of negligence on the part of the mother, as alleged. At the conclusion of the testimony the plaintiff moved the court to strike the allegation of contributory negligence from the answer on the ground that the negligence alleged "will not affect the rights of plaintiff suing under this section." The court denied the motion and submitted the issue to the jury in an instruction to which the plaintiff excepted on the same ground stated in support of the motion to strike.

■ The ruling is assigned as error, and presents the principal question on this appeal. That question is whether in an action for death by wrongful act, where the victim is a minor child and leaves both parents surviving as her sole heirs and the action is brought

for the benefit of the estate by the personal representative of the decedent, the contributory negligence of one of the parents is a bar, either in whole or in part, to the right to recover.

The statute which creates the right of action is ORS 30.020, and reads as follows:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the decedent, for the benefit of the surviving spouse and dependents and in case there is no surviving spouse or dependents, then for the benefit of the estate of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had he lived, against the wrongdoer for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and damages therein shall not exceed $20,000, which may include a recovery for all reasonable expenses paid or incurred for funeral, burial, doctor, hospital or nursing services for the deceased."

As originally enacted, this section created a right of action for the benefit of the decedent's estate only. In 1939 it was amended so as to permit the action to be brought for the benefit of a surviving spouse or dependent. Oregon Laws 1939, ch 466. The provision of the second sentence authorizing a recovery for all reasonable expenses paid or incurred for funeral, burial, doctor, hospital or nursing services for the deceased was added in 1953. Oregon Laws 1953, ch 600.

In *Perham v. Portland General Electric Co.,* 33 Or 451, 467, 53 P 14, 53 P 24, 72 Am St Rep 730, 40 LRA 799 (1898), we held that this statute "creates a new right of action in favor of the personal representative for the death itself, and not an action founded on sur-

vivorship, or on any cause of action in favor of the deceased," and that the damages recovered "become assets of the estate, to be administered upon as other personal property of the deceased." See, also, *Hansen v. Hayes,* 175 Or 358, 396, 154 P2d 202. We further said in the Perham case, at 467-468:

> " * * * The heirs, creditors, or distributees have no interest in the recovery on account of any right of action for the pecuniary injury sustained by them, but only by virtue of being creditors, or of kinship; and, if the expense of the administration and debts of the deceased equal or exceed the assets, including the amount of the recovery, the next of kin would receive no benefit whatever from the right of action."

All this, of course, is entirely applicable today to a case like the case at bar where there is no surviving spouse or dependent and the action is for the benefit of the estate. It should be observed that in *Hansen v. Hayes,* supra, 175 Or at 397, we held that the cause of action under the 1939 amendment is also a new right and is not based upon survivorship.

The question here presented is not one of imputed negligence. In *Macdonald v. O'Reilly,* 45 Or 589, 78 P 753, this court determined that in a death action the negligence of one parent could not be imputed to the other or to the parent's minor child. We have to decide here the question, suggested but not decided in the Macdonald case, whether the negligence of a parent bars recovery under the theory that no one should be allowed to profit by his own wrong. In the Macdonald case the father of a child aged four years and six months sued as administrator of his estate to recover damages for his death resulting from the fall of timbers, alleged to have been negligently piled in the street near the home of the deceased. The defend-

ant contended that the court erroneously instructed the jury that the negligence of the mother, if any, in permitting the child to play in the street and in not taking care of him, could be no defense to the action. At the time that the case arose the statute of descent and distribution made the father sole heir at law of an intestate who died without lineal descendants or spouse. B & C, §§ 5577 (2) and 5578 (3). (Since 1913 the father and mother in those circumstances have inherited jointly. Oregon Laws 1913, ch 39 (2); ORS 111.020 (2), 111.030 (3).) The court held that there was no evidence of negligence on the part of the father, and, as stated, that the negligence of the mother could not be imputed either to the father or the child. It was said that the contributory negligence which will bar a recovery "must be that of the person from whom the cause of action is derived, or the beneficiary, or some one standing in such a relation to the beneficiary that the maxim, *Qui facit per alium facit per se,* may be invoked." 45 Or at 593. Hence the court declined to decide whether "the interest of the father as heir is so remote that his contributory negligence should be no defense." P 592.

The question came before this court again in *Gigoux v. Yamhill County,* 73 Or 212, 144 P 437. An infant, 10 years and one month old, sustained an injury which resulted in her death as the result of a defect in a bridge maintained by the county. The defendant alleged that the parents were negligent in their care and treatment of the little girl after she was injured. The ruling of the trial court in refusing to receive evidence of the alleged negligence, was held not to be erroneous, on the authority of *Bradshaw v. Frazier,* 113 Ia 579, 85 NW 752, 86 Am St Rep 394, 55 LRA 258; *Ploof v. Burlington Traction Co.,* 70 Vt 509, 41 A 1017, 43 LRA 108; and *Macdonald v. O'Reilly,* supra.

The only other case in which this court has had occasion to deal with the question is *Bloomquist v. City of La Grande*, 120 Or 19, 251 P 252, a wrongful death action brought by the administratrix of the estate of a minor child, who was drowned in an irrigation ditch in a city street which the defendant city negligently left unguarded. Contributory negligence of the parents was held "not to be imputed to or to affect the rights of the infant or his personal representative." 120 Or at 24. The court distinguished cases "where the action is brought for the direct benefit of the parents and the proceeds of the judgment do not go into the estate but go directly to the parents as their individual property." The Employers Liability Statute was cited as illustrative of that class of cases, the court saying:

> "There the proceeds of the action, if the beneficiaries are not residents within the State of Oregon, go directly to such person and not to the estate of the decedent. But that is not this case. Here the action is brought by the representative of the decedent in his individual capacity, and neither the decedent himself nor his personal representative is affected by the negligence of anyone not a party to the action. The Circuit Court was right in instructing the jury to the effect that what was said about the parents and their conduct with reference to the custody of the child is not a defense to the action. There is no pretense in the complaint of any contributory negligence of the decedent child." 120 Or at 25.

It is apparent that the Gigoux and Bloomquist decisions are opposed to the contention of the defendant in this case.

Whether the negligence of one who may benefit by the recovery in a death action will bar recovery, either in whole or in part, depends upon the provisions of the

particular statute authorizing the action. Restatement, Torts § 493; annotation, 2 ALR2d 785 et seq. Many statutes are modeled upon Lord Campbell's Act (Stat 9 & 10 Vict, ch 93) and provide that the action may be maintained for the benefit of designated persons. Of this sort are the Employers' Liability Act (referred to in the Bloomquist case in distinguishing it from cases sustaining the defense of contributory negligence of a beneficiary) and that portion of ORS 30.020, which authorizes the personal representative of the decedent to maintain the action for the benefit of the surviving spouse and dependents when there are such. Under this type of statute it is quite generally held that, where there is but one beneficiary and he is guilty of negligence which proximately contributes to the death, recovery is barred. Decisions from 21 jurisdictions supporting this rule are cited in the ALR annotation above referred to at pp 788-789. Where there are several beneficiaries and one is guilty of contributory negligence, according to many decisions, the amount which the negligent beneficiary "would have received had he not been negligent is deducted from the amount recoverable by the survivors as though the negligent beneficiary did not exist." Restatement, ibid; *Cleveland C. C. & St. L. R. Co. v. Grambo,* 103 Oh St 471, 134 NE 648, 20 ALR 1214; *Anderson v. Memphis St. R. Co.,* 143 Tenn 216, 227 SW 39; *Humphreys v. Ash,* 90 NH 223, 6 A2d 436; *Horne v. Atlantic Coastline R. Co.,* 177 SC 461, 181 SE 642; *City of Danville v. Howard,* 156 Va 32, 157 SE 733; 25 CJS 1143, Death § 46.

Under survival statutes it is generally held that contributory negligence of a beneficiary is not a defense. The case of *Davis v. Margolis,* 108 Conn 645, 144 A 665, illustrates the reasoning in support of these decisions.

The Connecticut statute provided for the recovery of damages "in all actions surviving to or brought by an executor or administrator resulting in death, whether instantaneous or otherwise, or whether caused by the negligence of the defendant or by his willful, malicious or felonious act," and further provided that the damages recovered after payment of the costs and expenses of suit, and all doctors and funeral bills, and the expenses of administration, should be distributed in accordance with the law concerning the distribution of intestate personal estate. The statute was held to be one of survival, that is to say, it continued in the personal representative of the deceased person the right to sue for all the proximate results of the tort with an enlarged right of recovery for ensuing death. The court answered the contention that a negligent heir should not be permitted to profit by his own wrong by saying, "Certainly innocent heirs are entitled to look to the representative of the decedent for their share of the amount recovered, and no exceptions to this right are contained in the present statutory provisions, by which negligent heirs can be barred. We are not at liberty to supply the exception * * *." And the court quoted with approval from *Wolf v. Lake Erie & W. Ry. Co.,* 55 Oh St 517, 45 NE 708, 36 LRA 812, as follows:

"In those states * * * in which the damages arising from the wrongful death survive and become a part of the estate of the deceased, and are inherited from the estate by the named beneficiaries as heirs, the contributory negligence of such heirs does not constitute a defense to an action brought by an administrator for the recovery of such damages, because the damages are part of the estate, and the estate is cast upon the heirs by operation of law."

But in *Crevelli v. Chicago, M. & St. P. Ry. Co.*, 98 Wash 42, 167 P 66, LRA 1918A 206, a case arising under the federal Employers' Liability Act, which is a survival statute, the contrary result was reached, for the reason, among others, that the statute, differently from many state survival statutes, gave the cause of action in favor of certain named beneficiaries and not in favor of the estate. The court said that there was no real conflict in the authorities, since the cases which hold that contributory negligence of a beneficiary is not a defense rest upon a local statute and proceed "upon the theory that the recovery is for the benefit of the estate, or that the right of recovery is a descendible or inheritable thing." Other cases involving survival statutes are discussed in 2 ALR2d 811-814.

We are not dealing here with a survival statute, but, as the annotator points out in 2 ALR2d at p 796, cases under wrongful death statutes like ours, which hold that the contributory negligence of one sharing in the recovery as an heir is not a defense to the action, are analagous to similar decisions under survival statutes. The Bloomquist case, among others, is cited in support of the statement. Dean Prosser sums up the matter thus:

"* * * Where the action is brought under a survival act, it is in theory still on behalf of the decedent, and the contributory negligence of even a sole beneficiary has been held not to prevent recovery. The same conclusion has been reached under wrongful death acts where the damages are recoverable on behalf of the decedent's estate, on the ground that the estate is distinct from the beneficiary." Prosser on Torts (2d ed) 718.

To the latter statement are cited the Bloomquist case; the Connecticut case of *Davis v. Margolis,* supra; *O'Connor v. Benson Coal Co.,* 301 Mass 145, 16 NE2d

636; and *Potter v. Potter*, 224 Wis 251, 272 NW 34. There are points of difference among these cases, but generally they support the learned author's statement, as does the following sentence from the comment appended to § 493 of Restatement, Torts:

> "There is a third type of death statute in which the amount recovered is treated as if it were an asset of the decedent and is distributed under special statutory provisions pertaining to that fund only. Under this type of statute, the negligence of a beneficiary has no effect in determining either the amount recoverable or the persons among whom the proceeds of the judgment are to be divided."

The question is a troublesome one. Upon it, as the court said in *O'Connor v. Benson Coal Co.*, supra, "nearly every possible view seems to have been taken by the courts of various states." To the view taken by this court in the Bloomquist and Gigoux cases there is the obvious objection that the distinction between a direct and an indirect beneficiary profiting by his own wrong is somewhat formal and artificial. On the other hand, there would be practical difficulties in administering the rule to which the courts generally adhere that, under statutes providing for recovery for the benefit of named persons, the recovery is diminished by the amount to which a negligent beneficiary would be entitled.

The Gigoux and Bloomquist decisions have support in the authorities and must be accepted as controlling, though the opinions, wanting as they are in an adequate discussion of the adjudicated cases, are not as satisfactory as they might be. It has been suggested that they only decide a question of imputed negligence, but, as we read them, they hold both that the contributory negligence of a parent is not imputed to the infant

child, and that it is not available in any event as a defense. In the Gigoux case, it should be noted, the court cited the Iowa case of *Bradshaw v. Frazier,* supra, in which it was directly held that such contributory negligence was not a defense on the authority of *Mahaska County,* 78 Ia 396, 43 NW 264, 6 LRA 545. There the court, after rejecting the contention that negligence on the part of parents was imputable to the child, said as to the contention that the parents were guilty of contributory negligence, "It may be that a recovery in this case will result in conferring an undeserved benefit upon the father, but that is a matter which we cannot investigate." And in the Bloomquist case, as already pointed out, the court drew a distinction between cases arising under statutes which authorized the action directly for the benefit of named persons and an action for the benefit of the estate.

We conclude that the instruction complained of was erroneous and prejudicial.

We do not, of course, intimate any views relative to the question of contributory negligence of a beneficiary in actions brought under ORS 30.020 for the benefit of a surviving spouse, or dependents.

■ The only other assignment of error is based upon the following instruction:

> "You have heard the testimony as to the age and the intelligence and make up of this child. A minor of tender years is not required, the law does not demand that he use the care of an experienced adult. Whatever care he is required to use depends on his intelligence, his age and his knowledge of his conditions. You have heard the testimony and you are to consider that in your wisdom."

We have held that a child under five years of age is incapable of negligence as a matter of law. *Mac-*

*donald v. O'Reilly,* supra, 45 Or at 600. See, also, *Kudrna v. Adamski,* 188 Or 396, 216 P2d 262, 16 ALR2d 1297. We see no occasion in this case for giving the instruction upon the care to be expected of a child of the age of the deceased.

The judgment is reversed and the cause remanded for a new trial.