Argued and submitted January 19, 1995, affirmed April 17, 1996

Cynthia O. ROBINSON,
as Personal Representative
of the Estate of
Michael Allan Robinson, Deceased,
*Appellant,*

*v.*

CHILDREN'S SERVICES DIVISION,
a Division of the Department of
Human Resources of the State of
Oregon; and Youth Adventures, Inc.,
an Oregon corporation,
*Respondents.*

(9212-08179; CA A82612)

914 P2d 1123

Daniel A. Cross argued the cause for appellant. On the brief was Richard W. Todd.

Stephanie Striffler, Assistant Attorney General, argued the cause for respondent Children's Services Division. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Lindsey H. Hughes argued the cause for respondent Youth Adventures, Inc. With her on the brief was Hallmark, Keating & Abbott, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Plaintiff sued the Children's Services Division (CSD)[1] and Youth Adventures, Inc., for the alleged wrongful death of her son. Plaintiff appeals from a judgment for defendants, arguing that the trial court erred in allowing the jury to consider the comparative fault of decedent's parents in contributing to decedent's death. We affirm.

CSD had placed decedent in a child treatment facility run and owned by Youth Adventures. While at Youth Adventures, decedent entered a restroom and committed suicide. On behalf of decedent's estate, plaintiff sued defendants for wrongful death pursuant to ORS 30.020. She alleged that CSD had acted negligently in placing decedent under the care of Youth Adventures and that Youth Adventures had acted negligently in failing to supervise decedent properly. Plaintiff's spouse is decedent's stepfather.

Defendants asserted affirmative defenses that decedent contributed to his own death, and that plaintiff and her spouse contributed to decedent's death by physically and verbally abusing him and by failing to seek proper treatment for him, among other things. Plaintiff filed a pretrial motion to strike the defenses involving plaintiff and her spouse.

In support of her motion, plaintiff argued that she had brought the action in her capacity as decedent's personal representative, not in her capacity as a beneficiary who is entitled to recover for decedent's wrongful death. She argued, in turn, that the comparison of fault that defendants sought against her and her husband was governed by Oregon's comparative fault statute, ORS 18.470, which allows a factfinder to compare defendants' fault only against the fault of the person seeking recovery.[2] Based on her contention that the person seeking recovery was decedent's personal representative,

---

[1] CSD is now the State Commission on Children and Families. *See* ORS 417.705. We will refer to CSD by its former name.

[2] Since the trial of this case, ORS 18.470 has been amended by the legislature. Or Laws 1995, ch 696, § 3. The bill that amended the statute does not specify that the amendment applies to cases that were pending when the amendment took effect, or otherwise indicate that the amendment applies retroactively. In the absence of such a direction or a request by either party that we apply the new version of ORS 18.470 to the case, we are not required to decide, and do not decide, whether it applies.

not the beneficiaries entitled to recover for his wrongful death, she reasoned that the alleged personal fault of her and her husband in contributing to decedent's death could not be compared with defendants' fault under ORS 18.470. She argued, as a consequence, that the affirmative defenses that sought to make that comparison should be stricken for failure to state a defense.

The trial court denied plaintiff's motion, and the case proceeded to a trial by jury. The jury allocated the fault for decedent's death as follows: CSD, 0%; Youth Adventures Inc., 10%; decedent, 15%; decedent's mother, 15%; decedent's stepfather, 60%.

■ On appeal, plaintiff renews her argument that the trial court erred by allowing the jury to allocate fault to nonparties, namely herself and her spouse. Defendants respond that plaintiff's argument is unpreserved. They contend that plaintiff's pretrial motion to strike the defenses that raised that issue was insufficient to preserve the issue for appeal.

In support of their argument, defendants principally rely on *Arney v. City of North Bend*, 218 Or 471, 475-76, 344 P2d 924 (1959), in which the court held that a party cannot assign error on appeal to a "preliminary motion to strike allegations from a pleading." *Arney* is consistent with a number of older cases that hold that objections to pleadings are waived by filing amended pleadings or by proceeding to trial on the basis of pretrial rulings on pleadings. *See, e.g., Moore v. West Lawn Mem'l Park*, 266 Or 244, 245-48, 512 P2d 1344 (1973).

■ Since those cases were decided, however, the legislature adopted ORCP 25 C, which provides:

"If an objection or defense is raised by motion, and the motion is denied, the party filing the motion does not waive the objection or defense by filing a responsive pleading or by failing to re-assert the objection or defense in the responsive pleading or by otherwise proceeding with the prosecution or defense of the action."

Under ORCP 25 C, a party no longer can be held to waive an objection to the legal sufficiency of a pleading by proceeding to trial on the basis of a court's pretrial ruling on that issue.

Consequently, the waiver principle on which *Arney* and other cases relied to deny appellate review of pretrial rulings on pleading objections is no longer valid. *Cf. Moore,* 266 Or at 246-47 (same principle applies under predecessor to ORCP 25 C).

*Arney* was also predicated on the principle that a trial court should be given a full and fair opportunity to avoid error. The court characterized a pretrial ruling on a motion to strike allegations from a pleading as a "preliminary" ruling. So viewed, the court reasoned that it would be appropriate to require the party to renew the motion at trial to give the court an opportunity to consider the issue on a more complete record. *See Arney,* 218 Or at 475-76 (by implication).

Whatever the merits of the principle announced in *Arney,* it has been superseded by later decisions that permit parties to assign error to pretrial rulings that present legal issues that are not affected by the facts presented at trial. For example, in *Payless Drug Stores v. Brown,* 300 Or 243, 708 P2d 1143 (1985), the defendants assigned error on appeal to the denial of their motion for summary judgment. The motion was based on a contention that a statute on which the plaintiff sought to recover damages was unconstitutional. The defendants did not ask the court at trial to reconsider its pretrial ruling on the constitutionality of the statute, even though the defendants could have done so by moving for a directed verdict on that ground.

On appeal, we held that the pretrial summary judgment ruling could not be assigned as error. The Supreme Court reversed, holding that the ruling could be considered on appeal. The court explained that it saw no benefit in "denying [a party] the right to rest on a purely legal contention once it has been squarely presented and rejected and to rely on that record on appeal." *Payless Drug Stores,* 300 Or at 246 (emphasis omitted). Consequently, the *Payless* defendants were not required to have moved for a directed verdict at trial or otherwise to have asked the trial court to reconsider its pretrial ruling on the constitutional issue in order to preserve that issue for appeal.

That principle applies in this case. Plaintiff moved before trial to strike the affirmative defense of comparative

fault on a purely legal ground: that plaintiff and her husband were not the parties seeking recovery for decedent's wrongful death, so their fault could not be compared with defendants' fault under ORS 18.470. Plaintiff's legal contention was squarely presented and rejected by the trial court. Although plaintiff could have raised the issue again at trial by various means, including by moving for a directed verdict, she was not required to do that to preserve the issue for appeal. *See also Davis v. O'Brien*, 320 Or 729, 736-39, 891 P2d 1307 (1995). We turn, then, to the question whether the jury could properly consider the fault of decedent's parents.

At the time of trial, Oregon's comparative fault statute, ORS 18.470 (1993) (since amended by Or Laws 1995, ch 696, § 3), provided:

> "Contributory negligence shall not bar recovery in an action by any person or the legal representative of the person to recover damages for death or injury to person or property if the fault *attributable to the person seeking recovery* was not greater than the combined fault of *the person or persons against whom recovery is sought,* but any damages allowed shall be diminished in the proportion to the percentage of fault *attributable to the person recovering.* This section is not intended to create or abolish any defense."

(Emphasis supplied.)

Plaintiff argues that *Mills v. Brown*, 303 Or 223, 226-31, 735 P2d 603 (1987), controls whether the jury could consider the fault of plaintiff and her husband in contributing to decedent's death. In *Mills*, the court analyzed ORS 18.470 and concluded that "the legislature intended to include in a comparative fault analysis only a person still a party at the time the fact-finder makes the comparative fault decision." 303 Or at 230. Plaintiff argues that neither she nor her spouse is a "party" to the action, so their fault should not have been considered by the jury.

Defendants argue in response that decedent's parents are the "persons seeking recovery" from defendants, and, therefore, that their fault can be considered in the action. In support of their argument, defendants cite ORS 30.020, which provides as relevant:

"(1) When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, *for the benefit of the decedent's* surviving spouse, surviving children, *surviving parents* and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent * * * may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission.

"(2) In an action under this section damages may be awarded in an amount which:

"* * * * *

"(d) *Justly, fairly and reasonably compensates the decedent's* spouse, children, stepchildren, *stepparents and parents for pecuniary loss and for loss of the society, companionship and services of the decedent*[.]"

(Emphasis supplied.) Defendants argue that the personal representative is not the real party in interest in a wrongful death action; rather, the beneficiaries are the real parties in interest. They argue, accordingly, that the beneficiaries' fault should be considered in an action under ORS 30.020.

To resolve the issue framed by the parties' competing arguments, we must determine the relationship between the comparative fault statute and the wrongful death statute. That relationship has not previously been addressed. However, Oregon cases decided before adoption of the comparative fault statute did address the effect of contributory negligence on claims brought under the wrongful death statute. A review of those cases establishes that the conduct of beneficiaries would be considered in determining whether contributory negligence bars a wrongful death claim that is brought for their benefit under the Oregon statute.

The cases recognize a distinction between wrongful death actions brought for the benefit of a decedent's estate and those brought for the benefit of named classes of beneficiaries. In *Bloomquist v. City of La Grande*, 120 Or 19, 251 P 252 (1926), the decedent's mother brought an action on behalf of the decedent's estate to recover damages for the

decedent's death. The defendant asserted as an affirmative defense that the decedent's parents were contributorily negligent and that their negligence barred any recovery in the action. The trial court refused to instruct the jury on the defense, and the Supreme Court affirmed.

At the time of *Bloomquist*, the wrongful death statute provided that any recovery would go to the decedent's estate to be distributed as an asset of it. *Id.* at 23. Because the action was brought for the benefit of the estate, and not for the direct benefit of its beneficiaries, the court held that the negligence of the beneficiaries was not a defense to the wrongful death claim. *Id.* at 24-25. The court distinguished the then-existing wrongful death statute from statutes in which the recovery would go directly to designated beneficiaries in actions brought by estate administrators. Under the latter statutes, contributory negligence by the sole beneficiaries, such as the parents of a deceased child, would bar the claims. *See id.*

The court adhered to that distinction in *Oviatt v. Camarra*, 210 Or 445, 311 P2d 746 (1957). There, too, the decedent's mother brought a wrongful death action on behalf of the decedent's estate. The mother and her spouse were the sole beneficiaries of the estate. The defendant asserted as an affirmative defense that the mother's contributory negligence barred the wrongful death claim. At that time, the wrongful death statute provided that the action could be brought by the estate administrator for the benefit of the decedent's spouse and dependents or, if there were none, for the benefit of the decedent's estate. As in *Bloomquist*, the court held that the mother's contributory negligence was not a defense, because the action was brought for the benefit of the estate and not for the benefit of designated beneficiaries. *Id.* at 450-55.

In reaching that conclusion, the court recognized that the distinction drawn between direct and indirect beneficiaries in wrongful death actions was "somewhat formal and artificial." *Id.* at 454. Under that distinction, recovery by a parent who was a designated beneficiary would be barred if the parent were contributorily negligent, but it would not be barred if the estate were the designated beneficiary even if

the parent were the sole beneficiary of the estate. Parents could engage in the same conduct and be the ultimate recipients of any damages awarded, but the results would differ depending on the form of the wrongful death statute. Nevertheless, the court chose to adhere to the distinction that it had recognized in *Bloomquist*.[3]

Soon thereafter, in *Ditty v. Farley*, 219 Or 208, 347 P2d 47 (1959), the court dealt with an action that was brought by a personal representative for the benefit of a designated beneficiary under the wrongful death statute. *Ditty* involved a husband and wife who were killed in an automobile accident. The husband briefly outlived the wife. The husband's personal representative thereafter brought a wrongful death action for the wife's death. Applying the distinction recognized in *Bloomquist* and *Oviatt*, the court held that the husband's contributory negligence properly could bar recovery in the action, because the husband was a designated beneficiary under the statute and he was the sole beneficiary for whom the wrongful death action had been brought. *Id.* at 217-19.

Under the foregoing cases, contributory negligence by the sole beneficiaries of a wrongful death claim is a defense to the claim if the beneficiaries are people who are designated as beneficiaries under the wrongful death statute.[4] Plaintiff and her husband are such people, *see* ORS

---

[3] In adhering to the distinction, the court alluded to the practical problem of dealing with cases in which only one of the designated beneficiaries is contributorily negligent. *See Oviatt*, 210 Or at 454. The issue presented in those cases is whether the contributory negligence of one beneficiary bars recovery by everyone in the class or only by the person who is contributorily negligent and, if the latter, how the recovery should be reduced and distributed to beneficiaries to reflect the share of the beneficiary whose recovery is barred. We discuss later in the opinion the effect of that problem on this case. *See* 140 Or App at 437 n 4.

[4] The Oregon cases have not addressed how contributory negligence applies when there is more than one beneficiary for whose benefit the wrongful death action is brought. The court alluded in *Oviatt* to the problems that multiple beneficiaries can create, *see* 210 Or at 454, but it was not required to address those problems in *Ditty* because the designated beneficiary in that case was the sole beneficiary, *see* 219 Or at 216-19. The prevalent view in other states is that contributory negligence is a defense that applies to claims for people who are designated beneficiaries even if the defense does not apply to all the beneficiaries in the action. *See, e.g., Restatement (Second) of Torts* § 493 & comment *a* (1965). Although not directly addressed in Oregon, we believe that Oregon law is consistent with the *Restatement* view on the issue, which would allow the defense in this case. Because both

30.020, so their alleged negligence in contributing to decedent's death would be a defense to plaintiff's claim in this case, based on the law that existed before adoption of the comparative fault statute. Under that law, they would be considered to be the people for whom recovery was sought in the action, which is why their contributory negligence would be a defense to the claim. *See, e.g., Ditty,* 219 Or at 216-19 (by implication); *Oviatt,* 210 Or at 447-55 (by implication).

The comparative fault statute changed Oregon law on contributory negligence by modifying the bar that previously applied when a claimant was contributorily negligent so that it now applies only when the claimant's fault exceeds the fault of those against whom recovery is sought. ORS 18.470 (1993) (since amended by Or Laws 1995, ch 696, § 3).[5] Nothing suggests, however, that that change affects the determination of *whose* contributory negligence matters under the wrongful death statute. *See id.*[6] Both before and after adoption of the comparative fault statute, it is the beneficiaries who are designated under the wrongful death statute who are the people for whom recovery is sought in the action, so their contributory negligence can be asserted as a defense in the action.[7]

---

plaintiff and her husband were alleged to be contributorily negligent, and the sole issue on appeal is whether their contributory negligence was a defense to plaintiff's claim, we do not address how the contributory negligence of a designated beneficiary affects the recovery of other beneficiaries who are not alleged or found to be contributorily negligent. *See, e.g., id.; Oviatt,* 210 Or at 451.

[5] Our discussion concerns only the 1993 version of the comparative fault statute.

[6] In fact, the comparative fault statute states that it "is not intended to create or abolish any defense." If plaintiff were correct about the application of the comparative fault statute in this case, it would abolish the defense of contributory negligence as applied to designated beneficiaries under Oregon's wrongful death statute, because their contributory negligence no longer could be considered in such actions. The comparative fault statute was intended to change the degree of fault that would have to be found by a factfinder to trigger the contributory negligence bar. It was not intended to change the circumstances under which the defense could be asserted.

[7] Given the posture of this case, we need not decide how a decedent's fault affects a wrongful death action, nor how to organize the issues presented by the defense of contributory negligence when there are multiple designated beneficiaries with differing degrees of alleged fault. *See, e.g., Oviatt,* 210 Or at 449-55 (discussing how claims involving multiple beneficiaries are addressed in other states); *Bloomquist,* 120 Or at 23 (court notes in *dictum* that a decedent's negligence could be asserted as a bar to recovery under the then-existing wrongful death statute); *Restatement (Second) of Torts* §§ 492, 493, 494 (1965).

Consequently, the jury could properly consider the alleged fault of plaintiff and her husband in causing decedent's death, because plaintiff and her husband are beneficiaries who are entitled to recover damages for decedent's wrongful death. *See* ORS 30.020(2); *see also Ditty*, 219 Or at 218-19 (by implication). It follows, then, that the trial court properly denied plaintiff's motion to strike the affirmative defenses that raised the fault of plaintiff and her husband as a defense.

Affirmed.