# STATE OF OREGON, *Respondent,*
## *v.*
# EDWARD EUGENE ALLEN, *Petitioner.*

555 P2d 443

*Robert A. Boyer* of Boyer & Putney, Medford, argued the cause and filed a brief for petitioner.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Denecke, Chief Justice, and O'Connell, Holman, Tongue, Howell, and Bryson, Justices, and Sloper, Justice pro tempore.

SLOPER, J., pro tempore.

**SLOPER, J.,** pro tempore.

This case is before us on a petition by defendant for review of the decision of the Court of Appeals. *State v. Allen,* 25 Or App 797, 551 P2d 120 (1976). Defendant was convicted of burglary in the first degree after trial by jury. On appeal to the Court of Appeals, the defendant contended that the trial court erroneously admitted, in rebuttal, the testimony of two witnesses, one a deputy district attorney and the other a former district attorney and now a practicing attorney, that the reputation for truth and veracity of the two investigating officers was good. The evidence was received over the defendant's objection to the testimony of the first witness, after the defendant had testified that certain incriminating statements which he had made on separate occasions to each of the officers were made in jest and were not exactly as related by the officers.

The Court of Appeals, in a divided opinion, rejected defendant's contentions and affirmed his conviction. While recognizing that " 'The authorities are nearly unanimous in holding that the mere fact that a witness' testimony is contradicted by opposing testimony does not warrant the introduction of evidence as to his reputation for truth and veracity.' ", *State v. Louie Hing,* 77 Or 462, 468, 151 P 706 (1915); *Osmun v. Winters,* 25 Or 260, 35 P 250 (1894); *Sheppard v. Yocum and DeLashmutt,* 10 Or 402 (1882), the court departed from our previous decisions on the subject and found that such evidence was admissible here, because "at least implicitly" defendant attempted to impeach the officers' testimony "by attacking their truthfulness." 25 Or App at 800-801. The court then adopted an approach suggested in McCormick on Evidence 104-105, §49 (2d ed 1972), which allows the trial court the discretion to decide whether the apparent impeachment or conflict in testimony amounts in net effect to an attack on the character for "truth" of a witness and concluded that the trial court had such discretion and did not abuse it in admitting the

reputation testimony. We have granted defendant's petition for review.

■■ Our review of the evidence shows that the prosecution relied heavily upon the testimony of the two investigating officers who testified that the defendant had admitted his involvement in the burglary during the course of a series of conversations occurring after the burglary had been committed. Defendant testified he had continuously denied any involvement in the burglary, but did admit that on several occasions he had jokingly told the officers that he had participated in the burglary. On cross-examination defendant refused to call the officers "liars" and contended that the officers had misinterpreted his joking remarks as incriminating statements. In rebuttal, the officers testified as to defendant's apparent seriousness when he "confessed" the burglary. The trial court then permitted the state to elicit testimony from the two attorneys that the officers' reputations for truth and veracity in the community were good. We believe that it was error under ORS 45.620[1] to permit the two witnesses to testify concerning the reputation of the officers for truth and veracity. We conceive no compelling reason in the case at bar to depart from the general rule as previously announced by this court that the mere contradiction of one witness by another is an insufficient impeachment of character to justify the admission of evidence of general reputation for truth and veracity. *State v. Louie Hing, Osmun v. Winters, Sheppard v. Yocum and DeLashmutt,* all *supra.* Also see 98 CJS, Witnesses §643, and cases cited therein; McCormick, op. cit. at 102-103.

---

[1] ORS 45.620:

"Evidence of the good character of a party is not admissible in a civil action, suit or proceeding, unless the issue involves his character, nor of a witness until the character of the witness has been impeached."

ORS 136.430:

"The law of evidence in civil actions is also the law of evidence in criminal actions and proceedings, except as otherwise specifically provided in the statutes relating crimes and criminal procedures."

We recognize that our decision is contrary to some decisions from other jurisdictions, but we believe that the majority view is in accord with ours and where, as here, a witness's testimony is merely contradicted and no affirmative attack has been waged against his character, the admission of reputation testimony to support his testimony would cause undue delay, multiply and complicate the issues, and tend to mislead the jury from the important issues to be determined.

Reversed with instructions to the Court of Appeals to remand the case for a new trial.