On respondent's motion for reconsideration filed September 26, motion to supplement record granted; motion for reconsideration allowed; opinion (143 Or App 388, 923 P2d 1298) adhered to November 13, 1996, petition for review allowed February 11, 1997 (324 Or 654)

Tony D. FARO,
*Respondent,*

*v.*

HIGHWAY DIVISION,
Department of Transportation,
State of Oregon,
*Appellant.*

(92-01-34624; CA A86430)

927 P2d 623

George W. Kelly for motion.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, *contra*.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Plaintiff moves for reconsideration of our opinion, reversing and remanding the judgment in his favor in this wrongful discharge and unlawful employment practice action. *Faro v. Highway Division*, 143 Or App 388, 923 P2d 1298 (1996). We allow reconsideration and adhere to the opinion.

Although we decided several issues in the case, plaintiff's motion is directed solely against our conclusion that defendant's fourth assignment of error was sufficiently preserved and presented for our review on the merits. Defendant argued in that assignment that the court erred by refusing to give a requested limiting instruction. We concluded that we could reach the merits of that argument, despite defendant's failure to assign error to the submission of a special verdict form to the jury on which it could and did make a finding that was contrary to the requested instruction.

Plaintiff argued that the use of the verdict form and the refusal of the requested instruction were redundant and, in the absence of a challenge to the former, any error in the refusal to give the instruction could not be an independent ground for reversal. We disagreed. We relied on *Davis v. O'Brien*, 320 Or 729, 891 P2d 1307 (1995), and *Robinson v. CSD*, 140 Or App 429, 914 P2d 1123 (1996), and concluded:

> "The requested instruction here was sufficient to alert plaintiff's counsel and the trial court to defendant's legal theory, independently of the later submission of the verdict form that permitted the jury to make a finding that was in conflict with the instruction. Moreover, the theory can and has been fully presented and fully responded to on appeal under the assignment that defendant has made. We conclude that the assignment is reviewable." *Faro*, 143 Or App at 392-93.

On the merits, we held that the court erred by refusing to give the instruction.

We also noted in passing that defendant objected at trial to the use of the verdict form, although it did not make a corresponding assignment of error on appeal. *Id.* at 391. Plaintiff now contends that defendant did not make an adequate objection at trial to the form's use. Plaintiff asserts:

"As the court knows, the state's brief nowhere assigned error to the failure to give a better verdict form. This court's opinion apparently found that omission harmless because (a) the assignment as to the jury instruction adequately presented the state's legal theory and (b) the state, in fact, 'objected to the form at trial'.

"Although plaintiff agrees with (a)—that the state's legal theory was adequately briefed to this court—he would disagree with (b)—that the state made the necessary objection to the verdict form at trial. In other words, not only did the state fail to make out the right assignment of error in front of this court, but it also failed at any time to point out to the trial court the problems with the verdict form."

Plaintiff therefore urges us to conclude that defendant's assignment challenging the court's refusal to give the limiting instruction was not reviewable and should not have served as a basis for our reversal of the judgment in his favor.

We need not decide whether defendant's objection to the *use of the verdict form* at trial was sufficient as such, because plaintiff is not correct in his understanding that the sufficiency or insufficiency of that objection was germane to our conclusion that defendant's assignment challenging *the refusal to give the instruction* was preserved and reviewable. Rather, we concluded that the requested instruction itself, and the court's refusal to give it, were sufficient to achieve preservation at trial and reviewability on appeal *"independently* of the later submission of the verdict form." *Id.* at 392. (Emphasis supplied.) We adhere to that conclusion. The requested limiting instruction, and the assignment directed at the court's refusal to give it, were adequate in themselves to raise and preserve defendant's legal theory at both the trial and appellate levels. We reject plaintiff's contrary argument and adhere to our opinion.

Plaintiff has moved to supplement the record to include the special verdict form proposed by defendant as an alternative to the one the trial court used. Defendant does not object, and we allow the motion to supplement.

Motion to supplement record granted; motion for reconsideration allowed; opinion adhered to.