Argued and submitted May 6, 1996, decision of the Court of Appeals and judgment of the circuit court reversed and case remanded to the circuit court for further proceedings February 6, 1997

STATE OF OREGON,
*Respondent on Review,*

*v.*

KIM FILMORE REYNOLDS,
*Petitioner on Review.*

(CC C93-1639CR, C94-0278CR;
CA A84607 (Control), A84608; SC S42601)

931 P2d 94

David C. Degner, Deputy Public Defender, Salem, argued the cause for petitioner on review. With him on the briefs was Sally L. Avera, Public Defender.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondent on review. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

** Unis, J., retired June 30, 1996, and did not participate in this decision.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his convictions for sexual abuse in the first degree. ORS 163.427. He contends that the trial court erred when it denied his request to present surrebuttal evidence to rehabilitate his character for truthfulness after the state had called a rebuttal witness who testified that defendant was "very untruthful." The Court of Appeals affirmed without opinion. *State v. Reynolds*, 136 Or App 212, 901 P2d 268 (1995). For the reasons that follow, we reverse.

Defendant, an elementary school teacher, was charged with seven counts of sexual abuse in the first degree for acts against four of his female students. After the state rested its case-in-chief, defendant called witnesses on his behalf to testify, *inter alia*, as to his lack of opportunity to have committed the crimes and to vouch for his character for truthfulness. During direct examination of a teacher who worked with defendant, defendant attempted to elicit her opinion about his character for truthfulness. Because defendant's character for truthfulness had not been attacked by the state up to that point in the trial, the trial court sustained the state's objection to defense counsel's question. *See* OEC 608(1)(b) (evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise).[1] Defense counsel then told the court that he intended to recall the witness if defendant's character for truthfulness were attacked. The court answered:

> "I realize that and I was going to let you. In fact, that's what I was saying, it's a matter of the order, but I don't know that, in fact, his credibility is going to be attacked, so I can't say that and, hence, you are—I think if it is attacked, correct, you get to rehabilitate it and you get to do it through character evidence, but you have to wait until it's actually attacked."

After defendant's other witnesses had completed their testimony, defendant took the stand. He testified that he would hug his female students and inadvertently touch

---

[1] Defendant does not challenge that ruling on review.

them in the chest area, but denied that the contacts were sexually inappropriate or done with the intent to sexually arouse himself or the students. During cross-examination, the state did not attack defendant's character for truthfulness.[2] After defendant testified, he rested his case.

The state next called a rebuttal witness, Baird, to impeach defendant's character for truthfulness. Before Baird testified, however, defense counsel made a motion *in limine* pertaining to the subject matter of Baird's rebuttal testimony. After the trial court had ruled on the motion, defense counsel told the court that he "may have one witness to rebut the rebuttal, only addressing the rebuttal." The court responded:

"[Court]: *I'm not going to allow surrebuttal.* I know you have a witness you can call that can testify that he's got a good character for —

"[Defense Counsel]: No, I mean addressing the rebuttal witness only.

"* * * * *

"[Court]: What do you mean by that?

"[Defense Counsel]: Well, the rebuttal witness is new evidence and I believe I am able to introduce evidence concerning that evidence only on surrebuttal.

"[Court]: One, why is it new evidence[?] He's not able to put that on until after your client testifies it has to be rebuttal evidence. *And, two, even if it were new evidence, where do we get that you get surrebuttal?*"[3] (Emphasis added.)

---

[2] *See State v. Carr*, 302 Or 20, 24-25, 725 P2d 1287 (1986) (merely contradicting a witness's testimony does not constitute an attack on character for truthfulness); *State v. Allen*, 276 Or 527, 531, 555 P2d 443 (1976) (under *former* ORS 45.620 (1975), where "a witness's testimony is merely contradicted and no affirmative attack has been waged against his character," reputation testimony supporting his testimony is inadmissible).

[3] From this dialogue, we conclude that, when the trial court first ruled that it was not going to allow surrebuttal, the court thought that defense counsel wanted to call a surrebuttal witness to testify that *defendant's* character for truthfulness was good. Moments later, defense counsel explained that he wanted to call defendant on surrebuttal to testify that *Baird's* character for truthfulness was bad. Defendant does not argue on review that the court erred in preventing him from testifying on surrebuttal that *Baird's* character for truthfulness was bad.

Baird testified that he had worked with defendant, and he opined that defendant was "very untruthful." After defense counsel had completed his cross-examination of Baird, the trial court immediately told the jury that the "evidence-taking part" of the trial was concluded, excused the jury, and told it to return the following Monday for arguments, instructions, and deliberation. After the jury left the courtroom, the court permitted defendant to make a record on his request for surrebuttal:

"[Defense Counsel]:   Just so I'm clear on your last ruling, I wanted to at least make a record. You know, I read Rule 608 as —

"* * * * *

"[Defense Counsel]:   I read that, '[No] evidence of truthful character is admissible to bolster a witness's credibility until evidence of untruthful character has been admitted.'

"* * * * *

"[Defense Counsel]:   And I don't know how one can raise that issue when the last witness of the State's case raises the issue for the first time, unless it's by some sort of surrebuttal. I had witnesses prepared to testify earlier as to their opinions of reputation for truthfulness of my client. You, of course, rightfully, denied my right to do that because there was not yet at issue the truthfulness of my client. Rule 608 makes that clear, you have to get that in first, so it seems to me a Catch-22 before me here.

"We didn't talk about this directly too much because you were focusing on Mr. Baird's testimony, but you also stated, I believe, that you would not allow me to put on any other witnesses to counter that, from teachers or other parties, so I don't know how one is to do that.

"I have to admit, Your Honor, unfortunately, I have to admit that I don't have a witness standing in the hallway to come in at this moment, basically because I didn't know for sure what the rebuttal was going to be. It was a little different than what I thought it would be, for instance. *I would ask the Court leave to allow me to put on one, two or three quick character witnesses on Monday for that point only, basically limited to the character and opinion for truthfulness of my client.*" (Emphasis added.)

The court denied defendant's request for surrebuttal, stating:

> "I think the bottom line comes down to all things come to an end and *surrebuttal is appropriate only in the most extreme of circumstances, and the character witness is not an extreme circumstance,* so I'm satisfied that this is not one of those cases where fairness would require another step in the process." (Emphasis added.)

Defense counsel then continued:

> "Addressing the issue about who testified first, I don't think that's the key, because I can't put on evidence of truthful character until—it's only admissible after the character of the witness for truthfulness has been attacked by opinion or reputation and no one attacked my client until rebuttal by either opinion or reputation. Maybe implication by contrary testimony, but that's not what this is all about.
>
> "I think that that's the only way I can, under this rule or under Rule 608, do that. Already on the record is one witness testifying or being asked the question about her opinion for truthfulness. I would state to the Court that *I have other witnesses who would testify, the teachers, Ms. Krueger, Ms. Selnau and Ms. Scheele, who have indicated to me and I believe they would also testify that it's their opinion he's a truthful person* as well and I'll leave it at that. Thank you." (Emphasis added.)

The trial court responded:

> "I accept the representations that that is what they would testify, so your record is made, your offer is made in that form. *I'm still going to stick with my ruling.* We make decisions as we go through in order of proof and we make decisions on all those sorts of things. *Generally, surrebuttal would be an extraordinary remedy and I don't see that it's called for or appropriate here.*" (Emphasis added.)

Defendant was convicted of five counts of sexual abuse but was acquitted on two counts. On his appeal, the Court of Appeals affirmed. We allowed defendant's petition for review.

Defendant argues that, after the state attacked his character for truthfulness on rebuttal, he had a right to present surrebuttal evidence to rehabilitate his character for truthfulness. He asserts that, because his own testimony had

made his credibility a central issue in the case, rehabilitation testimony was essential to his theory of the defense. He posits that the jury could acquit him if it believed his testimony that any sexually inappropriate touching was inadvertent and was not sexually motivated.

The state concedes—and we agree—that *ordinarily* a timely request for surrebuttal based on the need to respond to new evidence about a defendant's character for truthfulness, which was introduced for the first time in the state's rebuttal case, should be allowed. The state also concedes that *ordinarily* calling witnesses to rehabilitate defendant's character for truthfulness in these circumstances would be appropriate. The state argues, however, that by failing to make a "timely and specific" request to put his character witnesses on the stand in surrebuttal, defendant waived his available opportunity. The state further argues that it is apparent from the record as a whole that the trial court was aware of several circumstances that supported the denial of surrebuttal.[4]

OEC 404(2) provides in part:

"Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

"* * * * *

"(c)   Evidence of the character of a witness as provided in [OEC 608]."

OEC 608(1) provides:

"The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but:

"(a)   The evidence may refer only to character for truthfulness or untruthfulness; and

---

[4] For example, the state asserts that permitting defendant to introduce surrebuttal evidence would have had a tendency to highlight that evidence as something "special." Moreover, the fact that the trial court would be in recess for two and one-half days after Baird's testimony also would work to over-emphasize any surrebuttal evidence placed before the jury immediately before closing arguments and instructions. However, the record does not demonstrate that the trial court based its ruling on any of the circumstances argued by the state.

"(b) Evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

The state attacked defendant's character for truthfulness when Baird opined that defendant was "very untruthful." *See State v. Carr*, 302 Or 20, 25-26, 725 P2d 1287 (1986) ("The term 'attacked by opinion' in OEC 608(1)(b) refers to an attack on the credibility of one witness by testimony in the form of opinion by a second witness that the first witness's *character* for truthfulness is bad." (emphasis in original)). Once a witness's character for truthfulness has been attacked, OEC 608(1)(b) entitles a party to put on evidence of that witness's character for truthfulness. *See* Laird C. Kirkpatrick, *Oregon Evidence*, 337 (3d ed 1996) (OEC 608(1) allows rehabilitation of a witness by showing character for truthfulness); *see also* Imwinkelried et al, *Courtroom Criminal Evidence* § 719, 215 (2d ed 1993) (same); 1 *McCormick on Evidence* § 47, 172 (4th ed 1992) (same); 4 *Wigmore on Evidence* § 1105, 235 (Chadburn rev 1972) (same).

Before Baird testified, the trial court told defense counsel, "I'm not going to allow surrebuttal." We understand that ruling, in context, to have meant to defense counsel that no defense surrebuttal would be allowed in the case. From the record, we conclude that the court based that ruling on its belief that defendant had *no right* to present surrebuttal evidence to counter the state's rebuttal evidence. After Baird testified, the court adhered to its earlier view that no defense surrebuttal would be allowed. In refusing that request, the court relied on the same reasoning, stating that

"surrebuttal is appropriate only in the most extreme of circumstances, and the character witness is not an extreme circumstance."

In the light of the trial court's repeated categorical refusals to allow surrebuttal, the state's argument, that defendant waived his right to surrebuttal by failing to make a timely and specific request, is unpersuasive. Defense counsel's remarks were sufficient and timely to raise the *general* issue of surrebuttal under OEC 608. Having been told explicitly by the court that it was not going to allow defense surrebuttal *under any but the most extreme circumstances*, defense

counsel was not obliged to do more than to make his offer of proof to protect his record for appeal. *See State v. Olmstead*, 310 Or 455, 461, 800 P2d 277 (1990) ("When the trial court excludes an entire class of evidence by declaring, in advance, that it is inadmissible as a matter of law, the ruling renders a further offer futile."); *see also State v. Cole*, 323 Or 30, 35, 912 P2d 907 (1996) ("Once an evidentiary ruling is made pretrial, the lack of later relitigation of the same issue * * * does not render any claim of error associated with the ruling unpreserved.").

The unfair prejudice to defendant flowing from the trial court's evidentiary rulings is self-evident. By testifying and denying that he ever intentionally had touched any of his female students in a sexually inappropriate manner and by denying any intent to sexually arouse himself or the students, defendant made the credibility of his denial a central issue in the case. The jury could believe the students' testimony and yet acquit defendant if they believed his testimony. By denying defendant an opportunity to rehabilitate his character for truthfulness, the court prevented him from introducing evidence that was crucial to his theory of the defense. *See State v. Hubbard*, 297 Or 789, 800, 688 P2d 1311 (1984) (an erroneous "decision to exclude evidence * * * is reversible if it denies the jury an adequate opportunity to assess the credibility of a witness"). Had the court admitted defendant's surrebuttal rehabilitation evidence, the jury may have given more weight to his response to the charges against him.

In the circumstances presented here, the trial court's ruling that "surrebuttal would be an extraordinary remedy" which is "appropriate only in the most extreme circumstances, and the character witness is not an extreme circumstance" was legally incorrect. Because the court ruled as a matter of law that *no* surrebuttal evidence would be allowed on the issue of defendant's character for truthfulness after the state had attacked his character for truthfulness, it erred.

The court's error, moreover, substantially affected defendant's right to fully present his theory of his defense.[5] Accordingly, we hold that in these circumstances the court committed reversible error when it denied defendant's request to present surrebuttal evidence to rehabilitate his character for truthfulness.

The decision of the Court of Appeals and the judgment of the circuit court are reversed. The case is remanded to the circuit court for further proceedings.[6]

---

[5] There may be circumstances in which, because the battle over the credibility of a particular witness is tangential, a trial court's discretionary choice not to permit a side battle over that question may be sustained. But where, as here, a defendant's credibility is central to the defense, we find no such flexibility.

[6] An issue remains whether Ballot Measure 40 (1996) has any application in this case. Assuming, without deciding, that Measure 40 applies, we find nothing in its text that would affect our holding in this case.