Argued and submitted April 30, 1997, decision of the Court of Appeals affirmed in part and reversed in part; judgment of the circuit court reversed, and case remanded to the circuit court for further proceedings January 23, 1998

Tony D. FARO,
*Petitioner on Review,*

*v.*

HIGHWAY DIVISION,
Department of Transportation,
State of Oregon,
*Respondent on Review.*

(CC 92-01-34624; CA A86430; SC S43839)

951 P2d 716

George W. Kelly, Eugene, argued the cause and filed the petition for petitioner on review.

Jas. Adams, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

GRABER, J.

---

** Kulongoski, J., did not participate in the consideration or decision of this case.

## GRABER, J.

Two issues are before us in this wrongful discharge and unlawful employment practice case. (1) We hold that the trial court committed reversible error by excluding a witness' testimony that would have supported defendant's theory of its reason for terminating plaintiff's employment and affected the jury's assessment of plaintiff's credibility. (2) With respect to the question whether an award of punitive damages is available to a successful plaintiff in a claim for unlawful employment practices when the state is the defendant, we affirm the Court of Appeals' "no" result by an equally divided court.[1]

Plaintiff worked at the La Grande shop of the Oregon Department of Transportation (ODOT), Highway Division, from 1976 until he was fired on January 4, 1991. During his employment, plaintiff held various positions. At the time of his termination, he was a heavy equipment mechanic's helper. Plaintiff is legally blind.

Alleging that he was terminated because he was visually impaired and because he was a "whistleblower," plaintiff filed this action for wrongful discharge and for unlawful employment practices under ORS 659.121. Plaintiff

---

[1] Although plaintiff's action against defendant is based on his allegedly improper termination, plaintiff introduced evidence at trial of prior acts by defendant to show ongoing discriminatory or other improper motives that allegedly manifested themselves later in the termination. The trial court refused defendant's request for a limiting instruction, which would have informed the jury that it could consider the prior acts only to the extent that such evidence helped the jurors to decide whether defendant's termination of plaintiff's employment was substantially motivated by an unlawful purpose. Plaintiff asserted that the requested instruction was cumulative of the instructions given by the trial court and that it also was partially incorrect.

The Court of Appeals held that the trial court's refusal to give the limiting instruction was reversible error. 143 Or App 388, 393, 923 P2d 1298, *adhered to on recons* 144 Or App 399, 927 P2d 623 (1996). However, because we remand the case for a new trial, and because we do not believe that the matter is likely to arise again on remand in the same form, we need not and do not consider that issue. The parties and the trial court are aware of a potential problem with the jury instructions that were given and are likely to resolve this matter on remand.

sought compensatory damages, punitive damages, and attorney fees. In answer, defendant asserted that it had terminated plaintiff's employment because he had stolen property from the state.

Plaintiff testified at trial that it was common practice for Highway Division employees to take state property from the La Grande shop. In 1990, ODOT conducted an internal investigation into allegations of discrimination, improper management practices, and misuse and theft of state property at the La Grande shop. Defendant asked that its employees be candid and cooperative with investigating authorities and assured them that their cooperation would not result in retaliation. The director of ODOT testified that, because he was disturbed about the misuse of state property, he asked the Oregon State Police (OSP) to investigate employee theft at several shops, including the one in La Grande. ODOT and the OSP undertook a joint investigation.

Early in the investigation, plaintiff identified six ODOT managers who had stolen state property and claimed that he himself had taken only small items. Another ODOT employee told the OSP that he had observed that plaintiff had at his house six tires with yellow chalk markings indicating that they were state property. When an OSP investigator questioned plaintiff about the tires, plaintiff denied having any tires that belonged to the state. Plaintiff later admitted that he had such tires and stated that he had bought them from Kevin Sieders for $300. Even though, according to his own testimony, plaintiff knew that the tires were worth at least $600, he denied knowing or suspecting that the tires had been stolen from the state. Plaintiff further testified that, after telling the OSP investigator that he had bought the tires from Sieders, plaintiff went to Sieders' home and asked Sieders if plaintiff had anything to fear concerning the tires. Plaintiff testified that Sieders told him that he had bought the tires at a yard sale.

In an offer of proof, made outside the jury's presence during trial, Sieders testified that he sold plaintiff the six tires in question and that he expressly told plaintiff—both before and after the sale—that he had stolen the tires from the state. Sieders further stated that, after the investigation

began, he and plaintiff made up the story about Sieders' buying the tires at a yard sale. The trial court excluded Sieders' testimony in its entirety, citing OEC 403, on the ground that it was more prejudicial than probative.

Additionally, during their investigation, OSP officers discovered, in a shed on plaintiff's property, other state property, including a new tractor clutch, a battery, a "pony pump," and a four-cycle motor. Plaintiff identified those items as state property.

The district attorney for Union County testified that he had granted plaintiff immunity from criminal prosecution, because plaintiff's testimony implicated both line workers and management in thefts. Were it not for the grant of immunity, the district attorney testified, he would have prosecuted plaintiff for "theft by receiving" with respect to the tires and the other state property found on plaintiff's property.

ODOT personnel officials testified that, as a result of the investigation, ODOT fired six managers and five other workers, reduced the salaries of three employees, and issued four letters of reprimand. The personnel manager for ODOT stated that the agency fired plaintiff only after substantiating all charges against him that were described in the OSP report. Additionally, he testified that ODOT did not promise any employees in the La Grande shop immunity at ODOT for their own misconduct in exchange for disclosing misconduct by other employees.

In a special verdict, a jury found that plaintiff had *not* been wrongfully discharged but that defendant had engaged in an unlawful employment practice because of plaintiff's physical impairment. The jury awarded plaintiff $37,500 in noneconomic damages and $100,000 in punitive damages. The court awarded plaintiff $45,000 in attorney fees.

The Court of Appeals reversed the trial court's judgment on the ground that it was reversible error for the trial court to refuse to give a jury instruction that defendant had requested.[2] *Faro v. Highway Division*, 143 Or App 388, 923

---

[2] As noted in note 1, above, we need not consider the jury instruction issue.

P2d 1298, *adhered to on recons* 144 Or App 399, 927 P2d 623
(1996).[3] The Court of Appeals also held that the Oregon Tort
Claims Act's prohibition on an award of punitive damages
against a public body prevails over a contrary provision in
ORS 659.121 that allows punitive damages for unlawful
employment practices and that, therefore, the award of puni-
tive damages must be vacated on remand. 143 Or App at 394.
Finally, the Court of Appeals held that the trial court acted
within its discretion in excluding Sieders' testimony as more
prejudicial than probative. *Id.* at 395-96.

Plaintiff sought this court's review, and we allowed
the petition.

In a cross-assignment of error, defendant argues that
the trial court committed reversible error when it excluded
Sieders' testimony in its entirety. Plaintiff contends that
Sieders' testimony was not admissible, because defendant
did not know the content of that testimony until 1994, four
years after plaintiff's termination. Therefore, plaintiff
argues, that evidence is not relevant to the issue whether
plaintiff was in fact terminated in 1990 for stealing state
property.

Plaintiff's argument misses the mark. Plaintiff
claimed that he had been fired because of a physical impair-
ment or a whistle-blowing activity. Defendant's defense was
that neither of those alleged reasons was at play; rather,
defendant asserted, it had fired plaintiff because it reason-
ably believed that he was a thief.

ODOT's defense rose or fell on the issue of plaintiff's
credibility *in front of the jury at the time of trial*, because
plaintiff denied the theft of the tires *during his testimony at
trial*. In that situation, evidence pertinent to plaintiff's pres-
ent credibility respecting the central issue in the case was not
"collateral," as the Court of Appeals labeled it. 143 Or App at
395. *See* OEC 607 ("[t]he credibility of a witness may be
attacked by any party"); *State v. Burdge*, 295 Or 1, 6 & n 3,

---

[3] Plaintiff moved for reconsideration of the Court of Appeals' holding on the
jury instruction issue, arguing that defendant had not preserved and presented
that assignment of error. 144 Or App at 401. On reconsideration, the Court of
Appeals explained the basis for its conclusion that the issue had been preserved
and adhered to that conclusion. *Id.* at 402.

664 P2d 1076 (1983) (a witness may be impeached by evidence that contradicts the witness' testimony on any independently relevant fact); Laird C. Kirkpatrick, *Oregon Evidence* 325-27 (3d ed 1996) (discussing impeachment by contradiction).

Sieders' testimony pertained to plaintiff's present credibility respecting the central issue in the case, because Sieders would have testified that he had stolen the tires, that plaintiff knew it all along, and that he and plaintiff had concocted the story that plaintiff told at trial. If the jury had believed Sieders, it would have had to conclude that plaintiff was lying at trial. No similar evidence had been introduced through another witness. In the circumstances, the trial court had no discretion to exclude Sieders' testimony altogether, and its decision to do so was an error.

It remains to decide whether that error requires reversal. In the context of a criminal case, this court has held that it is reversible error for a trial court to exclude evidence if that ruling denies the jury an adequate opportunity to assess the credibility of a party witness. *State v. Reynolds*, 324 Or 550, 558, 931 P2d 94 (1997). In this case, the jury was denied an adequate opportunity to assess plaintiff's credibility. The general test in a civil case is whether the trial court's erroneous ruling substantially affected a right of the party claiming the error. *Baker v. English*, 324 Or 585, 589-93, 932 P2d 57 (1997). Because the error here may have affected the outcome of the case, we conclude that the trial court's erroneous exclusion of Sieders' testimony substantially affected defendant's right to present its defense. Accordingly, defendant is entitled to a new trial. The Court of Appeals erred in holding to the contrary.

■ Finally, in the petition for review, plaintiff argues that a judgment for punitive damages may be entered against the state in an action for employment discrimination brought under ORS chapter 659, citing ORS 659.121(2).[4] Defendant argues to the contrary, citing ORS 30.270(2),[5] a

---

[4] ORS 659.121(2) provides, in part:

"Any person claiming to be aggrieved by alleged violations of ORS [659.425] may file a civil action in circuit court to recover compensatory damages or $200, whichever is greater, and punitive damages."

[5] ORS 30.270(2) provides:

provision of the Oregon Tort Claims Act. As noted, the Court of Appeals agreed with defendant and held that the trial court had erred in entering a judgment for punitive damages in favor of plaintiff. With respect to that issue, this court is equally divided. Accordingly, the result adopted by the Court of Appeals is affirmed by an evenly divided court.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

"No award for damages on any such claim shall include punitive damages. The limitation imposed by this section on individual claimants includes damages claimed for loss of services or loss of support arising out of the same tort."